(No. 14455.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH HARRIS, Plaintiff in Error.

*Opinion filed April 19, 1922.*

1. CRIMINAL LAW—*rights secured to a defendant by section 9 of bill of rights may be waived.* Every person accused of crime is entitled to the privileges secured to him by section 9 of the bill of rights, and he cannot be deprived of them without his consent, but such rights are personal and may be waived at the option of the defendant.

2. SAME—*when defendant waives right to be present at trial.* A defendant who has been admitted to bail is at liberty to attend trial or not, as he sees fit, and his right to be in court and to meet witnesses face to face is waived when he voluntarily remains away from the trial, as the constitutional right to appear and defend in person is not given to enable a defendant who is on bail to prevent a trial by voluntarily absenting himself from the court room.

3. SAME—*when larceny of money is not proved.* Where an indictment for larceny charges the taking of treasury notes and bank bills, commonly called national currency, of the amount, in value, in all, of $18, testimony by the complaining witness that he missed his pocket-book on a crowded street car; that defendant, who stood behind him, denied taking it; that he followed defendant and had him arrested; that defendant had a handful of bills of different denominations; that witness, when the defendant asked him about the amount and denominations of the money claimed to have been stolen, replied, "I had a ten, a five and three ones," is not sufficient to prove the larceny of the money charged in the indictment.

4. SAME—*when sentence to penitentiary cannot be sustained.* A sentence to the penitentiary on a conviction for larceny cannot be

sustained on the theory that although the evidence merely warrants a conviction for petit larceny yet it shows that the larceny was from the person, which under the act of 1921 is a penitentiary offense, where the indictment was not framed on that statute but was for larceny generally.

FARMER, CARTER and THOMPSON, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding.

JAMES F. FARDY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Joseph Harris, plaintiff in error, was defendant in the criminal court of Cook county under an indictment charging him with larceny from William J. Mains of treasury notes of various denominations therein stated, bank bills (commonly called national currency) of divers denominations, of the amount in value, in all, of $18, and one billfold of the value of $1.50. He was admitted to bail and on November 10, 1921, was arraigned and pleaded not guilty. A jury having been impaneled and sworn, the trial was continued until November 14, when defendant failed to appear, and his counsel objected to further proceedings in his absence. The objection was overruled and the trial proceeded, ending in a verdict finding the defendant guilty and fixing the value of the property stolen at $19. On November 18 the defendant, being present in court, was sentenced on the verdict to imprisonment in the penitentiary at Joliet. A writ of error was sued out of this court, and by the assignment of errors it is alleged that the guilt of the defendant was not established beyond all reasonable

doubt, that the court erred in hearing evidence and receiving the verdict in the absence of the defendant, and erred in sentencing him to the penitentiary.

There was a very unsatisfactory and deficient examination of William J. Mains as a witness to the larceny charged, but it was sufficient to justify a finding that the defendant was guilty of stealing the bill-fold. The substance of the testimony of Mains was, that on July 23, 1921, he was in a crowded street car on Cottage Grove avenue and was getting ready to transfer to another line when one of the boys got in front of him and the other fellow behind; that the fellow behind was the defendant; that the witness missed his pocket-book on the car and the defendant said he had not got it; that the defendant made a get-away off the car; that the witness followed the defendant and had him arrested; that the defendant had a handful of different bills of every value up to $100, and said, "Can you tell me the amount and the denominations you had?" that the witness said, "I had a ten, a five and three ones;" that the defendant offered to give him them, and that the pocket-book was of the value of about $1.50 or $2. There was no evidence that any money described in the indictment was ever in the pocket-book or was stolen from Mains. His statement to the defendant that he had a ten, a five and three ones was insufficient to show the larceny of money that was charged.

Section 9 of the bill of rights is as follows: "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation and to have a copy thereof, to meet the witnesses face to face, and to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Every person accused of crime is entitled to the privileges secured to him by that section and he cannot be

deprived of them without his consent, but they are rights personal to himself, which he can either waive or insist upon, at his own option. He is given the right to appear and defend in person and by counsel, but he may, if he prefers, plead guilty and waive any defense. He has a right to a trial by an impartial jury, but if he prefers not to challenge a juror who shows on his examination that he is not impartial he cannot complain. He has a right to meet the witnesses face to face, and if he insists upon his right it cannot be denied him, but he may agree to the taking of evidence by deposition in his absence or may elect to remain away from the court room while witnesses are being heard. The defendant had been admitted to bail and was at liberty to attend the trial or not, as he saw fit. He was not imprisoned or prevented by any improper means from being present at the trial, and he was at the door of the court room in the morning of the day when his counsel objected to proceeding with the trial. It might be that one at large on bail would be prevented by some means from attending his trial, but if so it is for him to show it. The defendant voluntarily absented himself from the trial and could not claim any advantage or right under the constitutional guaranty. If by his voluntary act he could prevent a trial he would naturally exercise his right by leaving the court room and could never be tried. The constitutional provision does not give a defendant a right by his own act, when not under constraint, to control the proceedings of a court and prevent the administration of justice. (*Sahlinger* v. *People*, 102 Ill. 241; *People* v. *Schultz-Knighten*, 277 id. 238; *People* v. *Weinstein*, 298 id. 264; 12 Corpus Juris, 774.) The court did not err in proceeding with the trial, and the defendant having appeared for sentence, any question as to what would have been proper to be done if he had not appeared is not involved.

It was the right of the defendant to demand the nature and cause of the accusation against him and it was the

302-38

duty of the prosecutor to give a description of the property alleged to have been stolen, which was done by describing it as treasury notes and national currency. There was no evidence that the defendant took any money of any denomination or description contained in the indictment. It is larceny to steal money, but money, like any other property, must be described, and the answer of Mains to the question how much money was taken, that it was $18, did not prove that the money was either treasury notes, national bank bills or any other denomination of money. If the pocket-book contained the money or any part of the money described in the indictment it could readily have been proved, and if that was the fact, it is to be regretted that because of the method of making proof the judgment sentencing the defendant to the penitentiary must be reversed. The case is like that of *Williams* v. *People,* 101 Ill. 382, where Mr. Justice Mulkey, speaking for the court, said that unless all authority and precedent on the subject were to be set at defiance and wholly disregarded for the purpose of punishing the accused the judgment cannot be sustained.

The defendant was proved guilty of petit larceny in stealing the bill-fold but was sentenced to the penitentiary. He might have been indicted and convicted under the amendment of 1921 making larceny from the person punishable by imprisonment in the penitentiary, but the indictment was not framed on that statute. The indictment was for larceny generally, and to put the defendant on trial for larceny from the person it would have been essential that the indictment should be so framed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

FARMER, CARTER and THOMPSON, JJ., dissenting.