**The People of the State of Illinois, Plaintiff-Appellee, v. John R. Cox, Defendant-Appellant.**

Gen. No. 10,731.

Fourth District.

September 8, 1966.

James A. Uhl, of Decatur, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Milo J. See, Jr., Assistant State's Attorney, of counsel), for appellee.

CRAVEN, J.

The defendant was charged in a criminal complaint with the crime of burglary and released on bond. Subsequently he was indicted for the offense, tried and convicted. The original bond was increased, after conviction, and a personal recognizance for the additional bond was filed and approved.

A motion for a new trial in the burglary proceeding then pending was set for hearing July 8, 1965. On the date this motion was to be heard defendant was not personally present in court, although his attorney was present. By reason of his absence at the time of the scheduled hearing on the motion for a new trial, the bail bond was ordered forfeited, as was the personal recognizance. Notice of forfeiture was ordered.

Thereafter the defendant was indicted for the offense of violation of bail bond (c 38, § 32–10, Ill Rev Stats 1963) and by the first count of the indictment was charged with having unlawfully failed to appear for a hearing on a motion for a new trial. In Count II of the same indictment the defendant was charged with the offense of failure to appear in violation of c 38, § 110–2, Ill Rev Stats 1963. The allegations as to the offense in Count II related to the same conduct, i. e., failure to appear at the time of the hearing on the motion for a new trial. The defendant was subsequently apprehended, was tried and convicted of both offenses, and given concurrent sentences. This appeal is from that conviction.

The bail bond here involved was conditioned that the defendant "shall personally be and appear . . . on the 17th day of February, . . . 1965, and thereafter as ordered by the Court until discharged . . . and shall submit himself to the orders and process of the Court," together with other conditions not here relevant. The personal recognizance, so far as here applicable, had the same conditions.

In this case the motion for a new trial had been set for hearing on July 8, 1965, and there is no controversy but that, other than this order setting the motion, there was no order of the court entered requiring the defendant to be present on that day.

Thus the question presented to us for decision is whether there was a duty on the part of the defendant to appear and whether his failure to appear is sufficient to convict under the now criminal provisions applicable to bail-bond jumping and failure to appear.

The People assert that the defendant's presence was required and cite People v. Tidmarsh, 113 Ill App 153 (1904), 66 CJS, New Trial, § 189, and 8 CJS, Bail, § 82, as authority for that point of view.

We have examined the chief authority and do not find the general rules there stated to be persuasive that the defendant's personal presence was required.

A long line of authority in this state is to the contrary. In Bonardo v. People, 182 Ill 411, 55 NE 519 (1899), the court found no error in the fact that an argument upon a motion for a new trial was made before the judge, in chambers, by counsel and in the absence of the defendant. In that case the ruling on the motion was made in the presence of the defendant. In People v. Harris, 302 Ill 590, 593, 135 NE 75 (1922), the court discusses the right of the defendant to be present at his trial and to confront witnesses, and held that when a defendant voluntarily absented himself from the trial he waived his right to be present. In People v. Woods, 27 Ill2d 393, 189 NE2d 293 (1963), the court held that the constitutional right of the defendant to be personally present did not extend to hearings which do not involve substantial rights of the accused, such as the argument of motions prior to trial or subsequent to verdict. The case of People v. Steenbergen, 31 Ill2d 615, 203 NE2d 404 (1965), is to the same effect.

■■  We are mindful that the last cited cases relate to privileges of the defendant which can be waived. Implicit in those holdings, however, is the determination that the defendant is under no duty to be present at the time of hearings on motions and that his absence from such hearings does not vitiate any action taken. Thus it appears to us that the absence of the defendant at the time of the hearing of the motion for a new trial was not, in the absence of a court order compelling his presence, a violation of the conditions of the bail bond or the personal recognizance but was merely a voluntary absence amounting to a waiver of his right to be present.

It necessarily follows that the indictment here involved, alleging only his absence from the hearing on the motion for a new trial, was insufficient to state an offense, and the conviction and sentences imposed thereunder must be and the same are reversed.

Judgment reversed.

TRAPP, P. J. and SMITH, J., concur.