People of the State of Illinois, Plaintiff-Appellee, v. Jesse James Dandridge, Defendant-Appellant.

Gen. No. 11,141.

Fourth District.

March 18, 1970.

Gary L. Haddock, Assistant Public Defender, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur, for appellee.

TRAPP, J.

Defendant was convicted of robbery by jury verdict and was sentenced to an indeterminate term of not less than 12 years and not more than 20 years. His post-trial motions were denied and he appeals.

An issue upon appeal is framed in terms of the court's exercise of discretion in permitting two witnesses, called by the prosecution, to be designated court's witnesses, and the ensuing details of cross-examination by the State's Attorney. The witnesses, Evans, aged 15, and Taylor, aged 18, had been charged and found guilty of the identical offense for which the defendant was being tried and at the time of this trial they were serving sentences imposed.

The defendant testified that he was present in the bakery at the time but denied that he had any knowledge that Evans and Taylor planned to rob, and denied that he had participated in the robbery.

Upon direct examination by the State's Attorney, Evans and Taylor each testified that they decided to rob the bakery after entering and discovering that only two women cashiers were present. They testified, in

substance, that defendant entered the bakery after they did, that he had no knowledge of the scheme to rob and did not participate in the acts of robbery. It is agreed that defendant did receive some six ($6) dollars of the proceeds of the robbery, but Evans testified that this was to keep defendant from talking. In each instance, as this aspect of the testimony developed, the State's Attorney made a motion that Evans and Taylor be considered to be court's witnesses for the reason that each had made a statement to investigating officers which contradicted their testimony and which stated that defendant had participated. Defense counsel objected to the respective motions.

In each instance the witness' statement was shown to the court and defendant's counsel out of the presence of the jury. The court agreed with the State's Attorney that the statements showed a definite conflict between the testimony and the statements of the witnesses upon the issue of the defendant's participation in the robbery. Defense counsel pointed out that each statement was unsworn to.

The court overruled the defendant's objection, and the State's Attorney thereupon cross-examined each witness upon these respective statements to police officers as to details showing that the defendant had schemed with them to rob the bakery, and had participated in the robbery by holding one of the women cashiers.

This case must be reversed upon the principles and rules stated in The People v. Hundley, 4 Ill2d 244, 122 NE2d 568, and the authorities collated in that opinion, and followed by the Supreme Court in The People v. McKee, 39 Ill2d 265, 235 NE2d 625. In Hundley and McKee, a witness charged as an accomplice was permitted to be examined as a court's witness and the State's Attorney cross-examined upon the details of a prior statement to police which developed the guilt of the de-

212

fendant through the unsworn statement of the witness out of the presence of the defendant. In each case the Supreme Court reversed and remanded.

■ McKee points out that it is necessary to make the distinction and to understand the difference between impeachment and the right to cross-examine as a court's witness and points out that the two concepts may not be used interchangeably. It is said that the purpose of impeachment is to destroy credibility rather than to prove the facts contained in a statement made out of the presence of the court, and the court said (39 Ill2d 265, p 270):

> ". . . Legally it is not evidence of defendant's guilt and cannot be received as proof of the fact at issue. . . ."

■ ■ The purpose in calling a witness as a court's witness is to reach the truth upon the sworn testimony in open court of a person who is an eyewitness and whose testimony is necessary to obtain justice, but the court is properly shown that no party should be required to vouch for his credibility. The cited cases firmly point out that inadmissible statements cannot be used to prove guilt through the guise of impeachment. As stated in The People v. Grigsby, 357 Ill 141, 191 NE 265:

> ". . . If the witness admitted making the previous statement, it would prove nothing except that he, an admittedly unreliable witness, had said so."

Here, the witness, Evans, testified that he made the statement to the police in terms which he hoped would enable him to "walk away," i. e., be released by the police.

The record here, as in Hundley and McKee, suggests that the purpose was not merely impeachment of Evans

and Taylor, but rather to introduce unsworn statements as testimony of defendant's participation in the crime. The record colloquy between court and counsel shows that Evans and Taylor were made court's witnesses upon the basis that while their sworn testimony tended to exculpate the defendant, they had made unsworn statements outside the presence of the defendant which contradicted such testimony.

Under the cited authorities, the designation of Evans and Taylor as court's witnesses and the purported impeachment ensuing was prejudicial error. We note that such evidence was held to be prejudicial in McKee, even though the conviction was at a bench trial.

The prejudicial aspect of the procedure followed is aggravated in that we can find no admonition by the court, or any instruction given which limits the purpose and effect of the purported impeachment to the question of the credibility of Evans and Taylor. The People v. Tunstall, 17 Ill2d 160, 161 NE2d 300; People v. Svizzero, 84 Ill App2d 251, 228 NE2d 604. Upon this record the jury could take the statements ostensibly impeaching Evans and Taylor as evidence of defendant's guilt.

We are required to comment upon the presentation of this appeal. It is the function of the brief and argument filed in this court to present the issues to be reviewed. Whether the record is to be searched by the court is for the court to determine. A search of the record by the court is not to be requested by counsel as a form of laborsaving device.

Since the cause must be reversed and remanded for the reasons stated, it is not necessary to consider the other issues raised.

Reversed and remanded.

CRAVEN, P. J. and SMITH, J., concur.