THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TELEIFORD ACEVEDO, Defendant-Appellant.

(No. 54935;

First District—May 9, 1972.

Thomas Grippando and William G. Grady, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Brent F. Carlson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

Defendant was charged with criminal trespass to a vehicle.[1] He waived trial by jury, was found guilty and sentenced to serve one year in the county jail. He presents four issues for review.

1. Whether the evidence proved him guilty beyond a reasonable doubt.

2. Whether he was denied certain constitutional rights by the court's failure to fully advise him of the offense with which he was charged.

3. Whether he was denied a jury trial because of the court's failure to ascertain the extent to which he understood his waiver of a trial by jury.

4. Whether the trial court committed reversible error by its examination of a defense witness.

A misdemeanor complaint charged that defendant "[k]nowingly, and without authority, entered the vehicle, to-wit: 1963 Chevrolet 2 Dr, Ala 69 Lic 25 19341, VIN 31511 J 118135 of Willis Sharit without the consent of said Willis Sharit   *   *   *." Two witnesses testified for the State. One was Willis Sharit; the other was a policeman, Neville, who, on the evening in question, arrested defendant.

Sharit was asked four questions concerning a car. In answer, he testified that he owned a '63 Chevrolet; that it was taken without his permission; that as of the time of trial, it had been returned to him by the police and that he had identified it as his property. Other than saying that his car was a '63 Chevrolet, Sharit gave no evidence concerning its identity.

Officer Neville testified that on the evening in question, he saw a car with no lights speeding through a residential area. He and his partner gave chase. After an approximate 11-block distance, the car stalled and defendant was arrested. Officer Neville was not asked any question concerning the make, model or identity of the vehicle defendant was driving. Neville gave no testimony which in any way connected defendant with the vehicle described in the complaint.

■■ This evidence did not prove, as charged in the complaint, that

---

[1] Ill. Rev. Stat. 1969, ch. 38, par. 21—2.
*Criminal Tresspass to Vehicles*
   Whoever knowingly and without authority enters any vehicle, aircraft or watercraft or any part thereof of another without his consent shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both."

on the occasion in question defendant knowingly and without authority entered a 1963 Chevrolet owned by Willis Sharit, the two-door sedan having the described motor number and Alabama license registration. When a crime against property is charged, the identity of the property is a material element of the offense. The State must prove this element beyond a reasonable doubt. (See *Bishop v. People*, 194 Ill. 365, 62 N.E. 785.) In this case, for defendant to be legally convicted, the evidence has to show, beyond a reasonable doubt, that the motor vehicle in which he was arrested was the two-door 1963 Chevrolet sedan described in the complaint as the property of Willis Sharit. (Compare *People v. Thomas*, 393 Ill. 573, 67 N.E.2d 192.) Neither the testimony of Sharit nor that of Neville proved these essential facts. (See *People v. Harris*, 302 Ill. 590, 135 N.E. 75.) Under these circumstances, we must conclude that the State failed to prove defendant guilty beyond a reasonable doubt. This view of the appeal makes unnecessary any discussion of the other issues presented for our review. The judgment is reversed.

Judgment reversed.

STAMOS, P. J., and SCHWARTZ, J., concur.