THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD GREER *et al.,* Defendants-Appellants.

(No. 11445;

Fourth District—August 23, 1972.

*Rehearing denied September 19, 1972.*

John F. McNichols, of Defender Project, of Springfield, (Bruce L. Herr, of counsel,) for appellants.

Thomas P. Carmody, State's Attorney, of Carlinville, (Joseph P. Koval, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In May of 1970, the defendants, Howard Greer and James Vollmer, were indicted for the offense of rape. Greer was also charged with the offense of contributing to the delinquency of a child. The jury trial resulted in convictions. Vollmer was sentenced to the Illinois State Penitentiary for a term of not less than 4 nor more than 10 years and Greer was sentenced to the Illinois State Penitentiary for a term of not less than 5 nor more than 10 years. This appeal is from the sentences and verdicts on the rape charges.

Upon this appeal, the defendants urge that the State did not prove their guilt beyond a reasonable doubt. They assert that the acts of intercourse were not performed by force and against the will of complaining witnesses. The appellants also assert error in the trial when the People were permitted to examine a witness, David Jones, as a court's witness and to examine him extensively concerning prior out-of-court statements on collateral matters, and, under the guise of impeachment, succeeded in getting before the jury such out-of-court statements for purposes of establishing the truth of those statements. Other issues are asserted as error, but we need not discuss the same since in our view a new trial is necessary as urged upon the second issue.

In May of 1970, four men—the defendants and David Jones and Charles Vollmer—were in an automobile and as they approached the area of the East End Tavern in Staunton, Illinois, two girls, Judy Cunningham and her sister Evelyn Cunningham, were on the road. The car was stopped and defendant Greer asked Judy Cunningham if she knew the location of the residence of one Gail Cunningham. According to the evidence, Judy Cunningham indicated that she did know and she and Evelyn agreed to get in the car and show them the way to the residence, but would not do so with four in the car. Jones and Charles Vollmer

were dropped off in the area of a school and the defendants in the car came back, picked up the girls, then ultimately picked up the other two boys and drove onto a country road north of Staunton. There is much conflict in the testimony as to the subsequent events. The complaining witnesses describe forcible intercourse on the part of the defendants. The defendants admit the act of intercourse but assert it was with the complaining witnesses' consent. We deem it unnecessary to recite the details of the testimony in this regard inasmuch as the assertion that the failure to prove guilt beyond a reasonable doubt is in our judgment without merit. The evidence if believed is sufficient to establish the offense of rape. Such determination turns upon the credibility of the witnesses and this was of course for the jury to determine.

David Jones was called as a witness for the prosecution. He was asked questions concerning the events of the evening of the alleged rape when he was an occupant of the car or in the vicinity of the car at the time of the alleged offense. His testimony indicated that while they were parked in the country and preparing to return to town, another car came down the road and Judy said, "Shhh, that's the police—", and he gave other testimony that was generally exculpatory of the defendants. A conference was held between the court and counsel out of the presence of the jury and that conference is not reported. Upon return of the jury, the State's Attorney marked for identification a prior unsworn statement of the witness. The witness identified the statement, testified that he had made it, and that all of the answers set forth in this statement were true. The statement was then attempted to be used to refresh the recollection of the witness and the witness was examined by defense counsel. During the course of that examination, the witness asserted that the statement did not cover the entire incident; that all he said had not been written down. At this point the State's Attorney suggested that the testimony showed a hostile witness and sought and obtained over objection the right to ask questions of the witness as in cross-examination of a court's witness.

■■■ As of the time Jones was made a court's witness, there had in fact been no inconsistencies between his in-court statements and the prior statement given out of court. The State's Attorney, however, did establish hostility of the witness with reference to the remark about the approach of the other car and the witness having indicated that he blamed the State's Attorney for the loss of his job. Upon the cross-examination of Jones, the prosecution explored the entire content of the prior statement. Here, as in *People v. Dandridge*, 120 Ill.App.2d 209, 256 N.E.2d 676, we conclude that the jury could take the statement ostensibly

impeaching Jones as evidence of the defendants' guilt. Here, also as in *Dandridge*, there was a lack of admonition by the court to limit the effect of the purported impeachment. In *Dandridge* we discussed the opinions of the Supreme Court in *People v. McKee*, 39 Ill.2d 265, 235 N.E.2d 625; *People v. Hundley*, 4 Ill.2d 244, 122 N.E.2d 568, and the language of *McKee* applicable in *Dandridge* is likewise applicable here. In the *McKee* opinion the court explains the difference between the right to impeach a witness and to cross-examine him as a court's witness in this language:

"A witness may be made a court's witness and subjected to cross-examination by either side where, for sufficient reason shown, his integrity or veracity is doubtful and neither side desires to vouch for his testimony. The purpose of the rule is to prevent a miscarriage of justice by having an eyewitness to the crime fail to testify, but the cross-examination should be strictly restricted to the direct issues and and not permitted on collateral matters. * * * In effect, it is an attempt to arrive at the truth based on sworn testimony. The purpose of impeachment is to destroy credibility, not to prove the facts stated in the impeaching statement. What the witness stated out of court and out of presence of the defendant is pure hearsay and incompetent. Legally it is not evidence of defendant's guilt and cannot be received as proof of the fact at issue."

■■ In the cases cited, the witnesses denied the truth of their former statements and their in-court testimony tended either to exculpate the defendant or be less incriminating toward him. The People argue that since the witnesses in the cited cases denied the truth of their former statements, those cases are distinguishable from the present one in that Jones admitted the truth of his former statement. This distinction seems to us to be of no consequence. As the Supreme Court noted in *Hundley*: "* * * If the witness admitted making the previous statement, it would prove nothing except that he, an admittedly unreliable witness, had said so. * * *." See also *People v. Bacon*, 2 Ill.App.3d 324, 276 N.E.2d 782.

We also note that in a recent opinion the Illinois Supreme Court reaffirmed the rule announced in *McKee*. In *People v. Montgomery*, 51 Ill.2d 198, 282 N.E.2d 138, the court noted that the cross-examination was permitted to go far beyond the limits of a proper foundation for impeachment and permitted the witness to testify as to inadmissible statements.

We have taken with this case a motion to strike the appellee's statement of facts together with objections thereto. In view of our holding

on the substantive issue, it is unnecessary that we dispose of this motion, nor do we deem it essential to discuss the other errors assigned.

The judgment of the circuit court of Macoupin County is reversed and the cause is remanded to that court for a new trial.

Reversed and remanded.

TRAPP, P. J., and SMITH, J., concur.