THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID DENNISON, Defendant-Appellant.

(No. 11537; )

Fourth District—October 17, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, (Charles I. Weitzman, Senior Law Student, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

At a bench trial defendant was convicted of aggravated battery upon an infant aged eight months. Sentenced to a term of three to nine years, he appeals.

Defendant was living with one Gayla Ridenour, the mother of the eight month old infant. The reasonably ascertainable facts were that the child was brought to the hospital badly bruised and injured on October 23, 1969. The testimony supports the medical opinion that while some of the injuries might reasonably be explained by a fall, the sum of the injuries demonstrated a battered child.

The medical authorities notified the police. The mother made statements to them indicating that defendant had caused the injuries in anger and frustration at the baby's crying—the first occasion being on the preceding afternoon when the child was left with defendant for a period of about fifteen minutes, and two occasions during the early morning hours on that date. Sometime thereafter defendant went to Arizona,

admittedly in fear of prosecution. It is not clear whether the mother went with him to Arizona, but sometime thereafter they were living together in another city, and continued to do so for about a year before defendant was brought to trial.

At the trial, Ridenour testified that when she returned at about 4:00 P.M., October, 1969, the child was with the defendant, and that she, the witness, noticed nothing unusual and that the child appeared to be in good condition. The defendant left following a household quarrel at about 4:00 P.M. and returned at about 11:00 P.M. The mother testified that the child fell down a flight of some ten stairs at about 7:00 P.M., and there was testimony that there were falls from the bed or furniture upon other occasions. Ridenour testified that she put the child to bed and saw her twice before 11:00 P.M., stating that the child was fussy, but that no marks were apparent as the child's bedroom was illuminated only by the light in the hall. She testified that defendant retired at about 11:00 P.M., but got up twice to give the baby a bottle. She was awake but heard no sounds of violence and that defendant did remark about the "brat going to sleep". The record does not disclose the respective periods of time that defendant was with the child on the two occasions.

■■ At that point the State's Attorney moved that Ridenour be made a court's witness, and thereafter called various members of the police who testified to statements made by Ridenour to the effect that defendant beat the child in anger. Such testimony purporting to be "impeachment" was inadmissible hearsay to prove any criminal acts of defendant under the rule of *People v. McKee*, 39 Ill.2d 265, 235 N.E.2d 625; and *People v. Dandridge*, 120 Ill.App.2d 209, 256 N.E.2d 676.

Such inadmissible testimony is not the true issue before us, however, for the court's statement indicates that he did not reach his decision upon any consideration of the "impeaching" testimony. He understandably concluded that Ridenour was not worthy of belief and determined upon conviction "as (a) purely circumstantial evidence case". He found that the defendant had an opportunity to beat the child and that such fact, together with the medical evidence, was proof of guilt "beyond a reasonable doubt".

The court noted that Ridenour denied causing any injury to the child, and that defendant did not charge that she did so. We must note that defendant denied any beating of the child in the sense before us, but admitted spanking the child upon occasion in the presence of the mother. At the trial, Ridenour's testimony is to the effect that the defendant did not batter the child, and there is testimony from defendant's relatives that he was particularly fond of children.

The most succinct statement of the nature and function of circumstan-

tial evidence is perhaps found in IPI—Criminal, No. 3.02. It is there stated that where the proof of guilt is entirely circumstantial, as the court here determined, the defendant should not be found guilty unless the facts and circumstances exclude every reasonable theory of innocence.

■■ As frequently stated, it is not for defendant to establish his innocence. (*People v. Benson,* 19 Ill.2d 50, 166 N.E.2d 80.) In *People v. Dougard,* 16 Ill.2d 603, 158 N.E.2d 596, the court said:

> "While circumstantial evidence is legal evidence, yet to warrant a conviction on such evidence the facts proved must so thoroughly establish the guilt of the person accused as to exclude every reasonable hypothesis of his innocence. Although this court is committed to the doctrine that the jurors are the judges of the weight of the evidence in criminal cases, yet we will not hesitate to reverse a judgment of conviction resting upon circumstantial evidence that raises little more than a suspicion against the accused, and leaves a grave and serious doubt of his guilt. * * *."

It is our duty to reverse a judgment of guilt which rests on evidence insufficient to remove all reasonable doubt of defendant's guilt and create an abiding conviction that he committed the offense charged. *People v. Nunes,* 30 Ill.2d 143, 195 N.E.2d 706; *People v. Garcia,* 3 Ill. App.3d 365, 279 N.E.2d 741; and *People v. Davis,* 69 Ill.App.2d 120, 216 N.E.2d 490.

The prosecution likens this case to the conviction affirmed in *People v. Huff,* 29 Ill.2d 315, 194 N.E.2d 230. There, the man and the mother were jointly indicted. The facts differ from this case in that neighbors testified to hearing a man's voice of command immediately connected with the sounds of beating. This occurred upon at least four occasions, and the court found evidence of repeated "irresponsible treatment" by defendant. Thus *Huff* is not a matter of purely circumstantial evidence. See also *People v. Grayle,* 2 Ill.App.3d 4, 276 N.E.2d 98.

■■ Upon the circumstantial fact of access, this record makes clear that Ridenour had greater access to the child during periods when no adult was present than did the defendant. While she denies beating the little girl, the court determined that she was demonstrably untruthful. We must conclude that there is want of proof of fact sufficient to convince that defendant was guilty beyond a reasonable doubt in this miserable affair. The court is gratified to note that the record suggests that the little girl is now in the custody of her father.

The judgment of conviction is reversed.

Judgment reversed.

CRAVEN and SIMKINS, JJ., concur.