THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GARY IRONS, Defendant-Appellant.

Fifth District   No. 75-160

Opinion filed July 8, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant, Gary Irons, was convicted by a jury in the circuit court of St. Clair County of the unrelated offenses of armed robbery and theft over $150. He was sentenced to concurrent terms of 4 to 12 years for the armed robbery conviction and 2 to 6 years for the theft conviction.

On appeal the defendant urges that his conviction for armed robbery be reversed because out-of-court statements introduced into evidence to impeach a court's witness were used as substantive evidence of his guilt. He alleges that the theft conviction cannot stand because the State failed to prove ownership of the car allegedly stolen by the defendant.

It is necessary to summarize the evidence relating to the armed robbery in order to deal with the first issue raised by the defendant. The victim of the robbery, Sharon Allen, testified that as she started to park her car in front of her home at approximately 1:20 a.m. a car pulled up beside hers. The man on the passenger side had the car door open with his leg hanging out and had a pistol in his hand. She backed her car up and the other car followed. As she started to drive forward the other car pulled ahead of her and cut into the curb. The man on the passenger side jumped out of the car with a red cloth over his face and demanded her purse which she gave him. He ran back to the car and it pulled away. Ms. Allen called the police and gave them a description of the car as a 1963 or 1964 white chevy with a red stripe along the back, bearing license number LH 7576.

Clarence Ray, a 16-year-old juvenile, testified for the State that he was the one who robbed Ms. Allen. He said that the defendant had picked him up as he was hitchhiking. When he got in the car he found a gun stuck down between the two parts of the front seat and when he pulled it out the defendant asked him where he had gotten it. When they saw Ms. Allen in her car Ray told the defendant to stop the car, got out, pointed the gun at her and demanded her purse. He denied that their car pulled forward, backed up and then pulled into the curb. As they were driving to a Jack-in-the-Box restaurant he took about $8 from the purse, gave the defendant $2 of it and threw the purse out the window. The two were arrested at the restaurant about 15 minutes after the robbery while sitting in their car waiting for an order of food.

Following this portion of his testimony the prosecutor attempted to elicit from Ray testimony to the effect that the defendant and Ray had planned the robbery in advance. When Ray refused to so testify the prosecutor's request that Ray be made a court's witness was granted and Ray was impeached with a prior statement made to the police at the time of his arrest. This statement, which was read before the jury, consisted of the following:

"We saw a woman in a car and we both decided to stick her up

when she stopped the car. Gary Irons knew that there was going to be a hold-up, and he got part of the money. The gun I used didn't belong to me. It was Gary's gun."

Ray admitted making the statement but said that it was not true.

■■ The defendant argues that the introduction into evidence of this out-of-court statement was error under the rule enunciated in *People v. Tunstall*, 17 Ill. 2d 160, 161 N.E.2d 300, and *People v. McKee*, 39 Ill. 2d 265, 235 N.E.2d 625. Defendant contends that these decisions prohibit impeaching a court's witness with a prior out-of-court statement bearing directly on the defendant's guilt or innocence, as did the statement here in question.

It must be conceded that when the jury is not advised by an instruction that an out-of-court statement which bears directly on defendant's guilt or innocence can be considered solely for impeachment purposes, error has been committed. *People v. Paradise*, 30 Ill. 2d 381, 196 N.E.2d 689; *People v. Tunstall; People v. Dandridge*, 120 Ill. App. 2d 209, 256 N.E.2d 676.

Where such a limiting instruction is given, however, the result is not so clear. A broad prohibitory rule can be gathered from *Tunstall* and *McKee*, as defendant contends, and perhaps also from the majority opinion in *People v. Bailey*, 60 Ill. 2d 37, 322 N.E.2d 804. Nevertheless, the rule has not been universally applied and there are several cases to the contrary. See the dissent of Mr. Chief Justice Underwood in *People v. Bailey*.

Although error was committed in the case under consideration when the limiting instruction was not given, we have concluded that the judgment may, and should be, affirmed. Where, as here, there is sufficient other competent evidence which establishes defendant's guilt beyond a reasonable doubt, and it does not appear that the errors in question contribute to the guilty verdict, then those errors may be termed harmless and reversal is not required. *People v. Wilson*, 51 Ill. 2d 302, 281 N.E.2d 626; *People v. Tranowski*, 20 Ill. 2d 11, 169 N.E.2d 347, *cert. denied*, 364 U.S. 923; *People v. Tucker*, 3 Ill. App. 3d 273, 278 N.E.2d 141.

There was, in the instant case, sufficient evidence, aside from the out-of-court statement, to establish the defendant's guilt beyond a reasonable doubt. Elimination of the out-of-court statement would not have altered the verdict.

The testimony of the victim was that the driver of the car, that is, the defendant, drove forward, backward, and then cut into the curb in front of her car, thereby thwarting her attempt to get away. It was not necessary to present evidence of a specific verbal agreement in order to establish a common purpose between Ray and the defendant to commit a robbery in order to establish the defendant's guilt on accountability

principles. An inference of common purpose can be drawn from the circumstances surrounding the commission of the crime. (*People v. Richardson*, 32 Ill. 2d 472, 207 N.E.2d 478; *People v. Jones*, 11 Ill. App. 3d 450, 297 N.E.2d 178.) Such an inference can readily be drawn from the testimony of Ms. Allen concerning the behavior of the driver of the car.

■■ Even if the robbery were a spontaneous, unplanned act, this fact is not a defense if, as here, the evidence indicated the involvement of the defendant in the spontaneous acts. (*People v. Porter*, 28 Ill. App. 3d 411, 328 N.E.2d 618.) Whether the act was planned in advance, which was the thrust of the out-of-court statement by Ray, was immaterial.

■■ Further, the uncontradicted testimony of Ray was that the defendant accepted part of the proceeds of the robbery. In addition, even though Ray did not directly testify that he and the defendant planned the robbery in advance, his testimony does not contradict an inference of defendant's accountability for the offense. Following the exchange between Ray and the prosecutor in which Ray admitted making the out-of-court statement but denied that it was true, the prosecutor went on to ask, " * * * he had no idea that there was going to be a hold-up. Is that what you are saying?" Ray replied, "He knew what was going on. He seen me. He didn't say nothing to stop me, so I gathered that he knew." Thus, the in-court testimony of Ray was sufficient in itself to sustain the conviction of defendant. Proof that a person was present at the commission of a crime and did not disapprove or oppose it may be considered with other circumstances in reaching the conclusion that the person assented to the crime, lent it his countenance and approval, and thereby aided and abetted its commission. *People v. Hill*, 39 Ill. 2d 125, 233 N.E.2d 367.

In view of the overwhelming evidence of the defendant's guilt the error surrounding the use of the out-of-court statement was harmless. Accordingly, the judgment of conviction for armed robbery is affirmed.

■■ The defendant's conviction of the unrelated crime of theft must, however, be reversed. Count II of the indictment alleged that the defendant committed the offense of theft over $150 by obtaining "unauthorized control over property of Alfonzo Gaitor, one of 1962 Chevrolet automobile." A review of the record in the instant case reveals that the testimony relating to the vehicle in question was not sufficient to establish its ownership. Allegation and proof of ownership are essential in a theft prosecution in order to establish all the material elements of the offense and to protect the defendant against the possibility of double jeopardy. *People v. Walker*, 7 Ill. 2d 158, 130 N.E.2d 182; *People v. Acevedo*, 5 Ill. App. 3d 968, 284 N.E.2d 488.

The testimony from the victim of the robbery described the

automobile used in the commission of the offense as a 1963 or 1964 white Chevy with license number LH 7576. The police officers involved in the apprehension of the defendant described the car as a 1962 white four door Chevy with license number LH 7576. Mr. Gaitor, named in the indictment as owner of the stolen vehicle, described his car as a 1962 Impala Automatic V-8 two-door Chevrolet. In view of the inconsistencies this testimony cannot serve to establish Mr. Gaitor's automobile as the one in which the defendant and Clarence Ray were apprehended.

At trial defense counsel moved for a directed verdict on the theft count of the indictment at the close of the State's case, in part on the ground that the State had failed to prove the ownership of the car in which the defendant was arrested. The court denied the motion, stating that he was relying on Mr. Gaitor's testimony that the license number of his car was the same as the one in which the defendant was apprehended. However, a review of the record shows that there was no testimony by Mr. Gaitor concerning the license number of his car. The State failed to prove ownership of the vehicle and the judgment of conviction of the offense of theft is, accordingly, reversed.

Judgment on conviction of armed robbery affirmed; judgment on conviction of theft reversed.

KARNS, P. J., and EBERSPACHER, J., concur.