THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE STONE, Defendant-Appellant.

Fifth District  No. 78-133

Opinion filed August 31, 1979.

John H. Reid and John W. McGuire, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Howerton, State's Attorney, of Marion (Raymond F. Buckley, Jr., and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant, Clarence Stone, was convicted of the offense of theft

over $150 after a bench trial in the circuit court of Williamson County. Defendant contends that his conviction should be reversed because the State failed to prove ownership of the car allegedly stolen by the defendant. We agree and, therefore, reverse.

The State's Attorney by information charged that on July 11, 1977, defendant knowingly exerted unauthorized control over the 1967 Ford Fairlane of the complainant, Keith W. Sasek, bearing Illinois license plate number HR3784 and valued in excess of $150, with the intent to permanently deprive Sasek of its use. Sasek testified at trial that he lived in Johnston City, Illinois, and that on July 11, 1977, he had his green, 1967 Ford Fairlane four-door automobile, license number HR3784, stolen from in front of his home. He testified that the last time he had seen the car that evening was between 9:30 p.m. and 10 p.m., and that according to his neighbors, the car was seen being driven off at approximately 10:30 p.m. Sasek did not notice the vehicle was missing until the morning of July 12, 1977, when he reported it stolen. Sasek finally testified that the key to the car and the vehicle registration bearing his name were in the glove compartment.

Officer Curtis Messamore of the Johnston City Police Department testified that a call was received by the dispatcher at approximately 11:15 p.m. regarding an abandoned vehicle on the Herrin-Johnston City Road, and he was assigned to investigate. Messamore stated that approximately one-quarter of a mile east of the location of the car, he saw a white male walking west (toward the location of the car) in the center of the Herrin-Johnston City Road. The man was staggering and unstable, so Messamore turned his car headlights on high beam to better see the person, and had to swerve to the shoulder to avoid hitting him. He got a good look at the man whom he identified at trial as the defendant. He did not stop to question this man at the time he first passed him.

Messamore found the automobile approximately 1½ miles west of the intersection of the Herrin-Johnston City Road and Highway 37. The car was in the ditch on the north side of the road with the keys in the ignition. He testified, without objection, that he ran a check on the license plates through the Williamson County Sheriff's Department, but the computer listed the vehicle as not stolen and "registered to a Sasek." Since the vehicle was not interfering with traffic, Messamore left it and proceeded to look for the man he had seen earlier.

Messamore testified that he traveled back east of where the car was, when four people flagged him down and told him that one person had come from the vehicle and walked east, down the Herrin-Johnston City Road. The four individuals were unnamed and did not appear at trial. Messamore proceeded to Highway 37 and then north to Johnston City. Not finding the man, he turned and traveled south on Highway 37, past

the Herrin-Johnston City Road, and found the defendant approximately one-half mile south of that intersection.

Messamore testified that the defendant was intoxicated, staggering, unstable, and speaking in a mumbled and slurred fashion. When he asked the defendant his name, he replied "Sasek," but gave no first name. Messamore asked him if he had been injured in the accident, and he replied that he had not, that he was just going home. He asked Messamore to take him home, which he did, dropping him off by a driveway on the highway in Cedar Grove, where he said he lived.

The next morning, July 12, 1977, Keith Sasek came to the Johnston City Police Department to report his car stolen. Since this was not the same Sasek whom Messamore had given the ride to the night before, Messamore, who was at the station, told Sasek to fill out a complaint and then told him that he had an idea who had taken the car. With the assistance of a Williamson County sheriff's deputy, Messamore proceeded to the spot where he had dropped off the defendant the night before. Defendant was found sleeping in the cab of a large truck on the premises. The officers opened the door and asked defendant to step out. Messamore testified that when he did, "he asked me how we found him so quick." Defendant was placed under arrest and taken to the Williamson County Courthouse. He was turned over for investigation to Detective Mel Williams of Williamson County who later determined and told Messamore that defendant's real name was Clarence Stone.

Appellant contends only that his conviction should be reversed because the evidence presented at trial concerning the allegedly stolen vehicle was not sufficient to establish the vehicle's ownership, a material and essential allegation of the information and section 16—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a)(1)), the Class 3 felony of theft of property exceeding $150.

We have already noted that the complainant, Keith Sasek, testified as to the year, make, model, color and license number of the vehicle, as well as the fact that his name was on the vehicle registration. However, that registration was not placed in evidence. Officer Messamore testified as to the check of the license plates via radio, which came back "registered to a Sasek." Yet, he testified that he did not look in the glove compartment of the car and did not know whether the registration was contained therein. Furthermore, he testified only as to the color of the car, and not as to any of the other information above to corroborate that the car he found on the Herrin-Johnston City Road was the one which Keith Sasek reported stolen the following day.

We do not believe the evidence in this case is sufficient to establish that the vehicle found by Messamore was owned by Sasek. True, Sasek testified in essence that he was the owner of a green, 1967 Ford Fairlane

574

four-door automobile, bearing Illinois license plate number HR3784. But the State must adduce evidence to show that the vehicle which was recovered was the same vehicle which belonged to Sasek. Such evidence is lacking in this case.

The absence of proof of ownership has been often held to constitute reversible error. *People v. Acevedo* (1972), 5 Ill. App. 3d 968, 284 N.E.2d 488, was a case of criminal trespass to a vehicle. The complaint charged defendant with trespass to a 1963 Chevrolet two-door automobile, setting forth the license plate number and vehicle identification number. However, the complaining witness Sharit testified only that he owned a 1963 Chevrolet; no other evidence regarding identity was given. As in the present case, the arresting officer Neville gave no testimony concerning the make, model or identity of the car defendant was driving. The First District Appellate Court stated:

> "In this case, for defendant to be legally convicted, the evidence has to show, beyond a reasonable doubt, that the motor vehicle in which he was arrested was the two-door 1963 Chevrolet sedan described in the complaint as the property of Willis Sharit. [Citation.] Neither the testimony of Sharit nor that of Neville proved these essential facts. [Citation.]" (5 Ill. App. 3d 968, 970.)

The court held that given these circumstances, the defendant had not been proved guilty beyond a reasonable doubt and the judgment was reversed.

Our Fifth District held in *People v. Irons* (1976), 39 Ill. App. 3d 993, 350 N.E.2d 754, that the trial testimony did not establish that the car in which defendant was apprehended was the car named in the indictment as that of the owner. There the robbery victim described the automobile used as a 1963 or 1964 white Chevy, license number LH7576. The police officers apprehending the defendant stated that the vehicle was a 1962 white four-door Chevy, bearing license number LH7576. The owner described it as a 1962 Chevrolet Impala Automatic V-8 two-door. The inconsistencies were too great to establish ownership there. In this case, there is not inconsistent evidence regarding ownership; there is virtually no evidence of ownership. Officer Messamore testified only that he found a green car and that he ran a check of the license plates. He did not testify what the license plate number was, nor did he testify as to any other matter identifying the car as Keith Sasek's. Finally, the radio check revealed that the car was registered to "a Sasek." But which Sasek, and from where? Such evidence is so broad and vague as to be useless.

The Illinois courts have been wary when the only testimony with respect to the identity of the car is a description of the year and make of the automobile. Thus, in *People v. Horton* (1966), 78 Ill. App. 2d 428, 223

N.E.2d 206, and *People v. Williams* (1962), 24 Ill. 2d 214, 181 N.E.2d 353, the courts held that such meager evidence failed to prove that the car found by the police was the car which was actually stolen from the owner. In *People v. Hope* (1979), 69 Ill. App. 3d 375, 387 N.E.2d 795, where the defendant was charged with the theft of a white, 1976 Oldsmobile 98 from an automobile dealership, and was arrested while driving a white, 1976 Oldsmobile 98, the conviction was reversed where the necessary link, proving that the car driven by defendant and the one reported stolen were the same, was missing. No certificate of title or vehicle identification number was introduced by the State, nor was it shown that the dealership took re-delivery of the car from the police so as to establish chain of custody of the car. All of these shortcomings are present in the case at hand.

For the foregoing reasons the judgment of the circuit court of Williamson County is reversed.

Judgment reversed.

JONES, P. J., and KASSERMAN, J., concur.