THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARL D. WALKER, a/k/a Carl D. Logan, Defendant-Appellant.

Fourth District   No. 4—89—0175

Opinion filed January 4, 1990.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and James W. Ackerman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant Carl Walker, a/k/a Carl Logan, appeals his conviction and two-year prison sentence for theft. Defendant contends the State failed to meet its burden of proof where no evidence establishing ownership of the vehicle was introduced but only a photograph establishing the make and model of the vehicle was presented to the jury. We affirm.

On September 30, 1988, defendant was charged by information with two counts of felony theft. (Ill. Rev. Stat. 1987, ch. 38, pars.

16—1(a)(1), (d)(1).) Count I alleged defendant, on September 14, 1988, exerted unauthorized control over a 1985 Yamaha motorcycle owned by Robert Fullenwider. Defendant pleaded not guilty, and a jury trial commenced on January 18, 1989.

Only the facts necessary to resolve the issue on appeal need be reviewed.

Fullenwider testified that on September 13, 1988, at approximately 7 p.m., he parked his Yamaha FJ 1100 motorcycle in front of his house on Clinton Street in Decatur and removed the keys. Fullenwider stated he purchased the motorcycle in 1985. Fullenwider discovered the bike missing at noon on September 14, 1988, and called the police. He stated he recovered the bike "the next day or the day after. Soy City had it." People's exhibit No. 1, a photograph, was identified by him as "the Yamaha FJ 1100." In response to questions whether it was a motorcycle, he answered "yes" and whose motorcycle is it, he answered "mine." Fullenwider further testified the photograph was not accurate because since the photo was taken, he had been in a hit-and-run accident with the bike and the seat had been changed. When asked if the picture "fairly and accurately depict[s] your motorcycle," he answered, "Looks like it. That's it." And, in response to a question, "Did you own that motorcycle on September 13th, 1988?" he answered, "Yes." Fullenwider was not cross-examined concerning the authenticity of People's exhibit No. 1.

State's witnesses Parker and Jones also identified People's exhibit No. 1 as the motorcycle. In addition, Officer Swanson testified, "it looks like the motorcycle that I saw being loaded in the pickup truck." The exhibit was admitted into evidence without objection.

The jury returned a verdict of guilty on two counts of theft. The defendant's motion for a new trial was denied. At the sentencing hearing on February 2, 1989, the trial court, on motion by the parties, vacated the verdict and judgment on count II, which alleged receipt of stolen property. The court imposed a sentence of two years' imprisonment on count I.

Defendant argues the evidence against him for felony theft of the motorcycle established only the make and model but not ownership of the motorcycle in Fullenwider. Specifically, defendant points out no certificate of title or registration was introduced at trial. Defendant also contends the chain of custody of evidence in this case is deficient because it does not establish Fullenwider recovered the motorcycle from the police. Thus, defendant maintains his conviction for theft must be reversed because he was not proved guilty beyond a reasonable doubt.

The State argues the defendant's conviction is supported by the evidence and inferences drawn therefrom by the jury. The State also points out defense counsel admitted Fullenwider's ownership of the vehicle during closing argument and, therefore, cannot now argue it was not proved at trial.

■■■ A court of review will not set aside a criminal conviction unless the evidence as to each element of the crime is so unsatisfactory that it creates a reasonable doubt of defendant's guilt. (*People v. Adams* (1985), 109 Ill. 2d 102, 485 N.E.2d 339; *People v. Almo* (1985), 108 Ill. 2d 54, 483 N.E.2d 203.) To sustain a conviction for theft of a motor vehicle, the State must prove all the material elements of the offense, including ownership. (*People v. Irons* (1976), 39 Ill. App. 3d 993, 995, 350 N.E.2d 754, 758.) Evidence establishing the make and model of a stolen vehicle, without more, has been found insufficient to prove ownership. *People v. Williams* (1962), 24 Ill. 2d 214, 181 N.E.2d 353; *People v. Stone* (1979), 75 Ill. App. 3d 571, 394 N.E.2d 810; *People v. Hope* (1979), 69 Ill. App. 3d 375, 387 N.E.2d 795; *Irons*, 39 Ill. App. 3d 993, 350 N.E.2d 754.

Section 115—9(a), provides in part:

"[T]he court shall receive as competent evidence, a photograph of property over which the accused is alleged to have exerted unauthorized control or to have otherwise obtained unlawfully, if the photograph:

(1) will serve the purpose of demonstrating the nature of the property; and

(2) is otherwise admissible into evidence under all other rules of law governing the admissibility of photographs into evidence. *** If a photograph is found to be competent evidence under this subsection, *it is admissible into evidence in place of the property and to the same extent as the property itself.*"

(Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 115—9(a).) This section specifically permits the use of the photograph in this case. The picture, along with the testimony of Fullenwider, Parker, Jones, and Swanson, established beyond a reasonable doubt ownership.

Fullenwider identified the photograph as his motorcycle and the motorcycle which is the subject of the theft. The exhibit was admitted into evidence without objection, and it properly identified the property which was the subject of the theft and is sufficient to prove ownership in Fullenwider. *Williams, Stone, Hope* and *Irons* do not require a different result. All of those cases deal with factual situations not similar to the case at hand.

The State did prove Fullenwider's ownership of the vehicle with competent evidence.

For the foregoing reasons, the defendant's conviction and sentence of felony theft are affirmed.

Affirmed.

KNECHT, P.J., and STEIGMANN, J., concur.