(No. 37809.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE PARADISE, Plaintiff in Error.

*Opinion filed January 22, 1964.—Modified on denial of rehearing March 16, 1964.*

Maurice Scott, Jr. and Lucas Clarkston, and Mc-Coy, Ming & Leighton, all of Chicago, (George N. Leighton, of counsel,) for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Elmer C. Kissane and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

A jury in the criminal court of Cook County found defendant, Eugene Paradise, guilty of the crimes of unlawfully selling, possessing and dispensing narcotic drugs. The court sentenced defendant to the penitentiary for a term of 20 years to life for the unlawful sale, 30 years to life for the unlawful possession, and 30 years to life for the unlawful dispensing. A writ of error has been issued to review the convictions.

Joseph Johnson, a Chicago police officer, testified concerning a controlled sale of narcotics from defendant to David Holiday, a user of narcotics. His testimony reveals that the usual procedure was followed in making the controlled sale. The informer, Holiday, was searched for narcotics, given money (the serial numbers of which were recorded) and taken to defendant's home. The defendant and informer were observed as the hand of each met that

of the other. The informer then returned to the police with capsules containing narcotics and defendant was apprehended and found to have the marked money given to the informer. Most of Johnson's testimony was corroborated by that of officers Washington and Rathel.

The informer was made a court's witness and cross-examined by the prosecution. He insisted that he did not know anything about the charges made against defendant. The People then produced a number of witnesses who, the defendant concedes, thoroughly impeached the credibility of Holiday. He argues, nevertheless, that the trial court erred in allowing the People to get before the jury a number of incriminating and highly prejudicial hearsay statements made by Holiday.

Assistant State's Attorney Levy testified that Holiday told him that the police officers searched him and gave him marked money, that he was taken to defendant's home, that he gave defendant the marked money and defendant gave him four capsules and that he gave the capsules to the police. Officer Washington narrated a similar account of the sale as told by Holiday to assistant State's Attorney Benz. Officer Johnson testified that Holiday said he usually buys 4 capsules for $6 from defendant and then narrated the details of the sale as told by Holiday to Benz. Officer Rathel narrated for a third time the conversation between Holiday and Benz.

This court has consistently held that evidence of prior inconsistent statements by a witness is admissible to impeach his credibility. (*People* v. *Morgan,* 28 Ill.2d 55; *People* v. *Moses,* 11 Ill.2d 84; *People* v. *Biloche,* 414 Ill. 504; *People* v. *Smith,* 391 Ill. 172; *People* v. *Gleitsmann,* 361 Ill. 165; *People* v. *Romano,* 337 Ill. 300; *People* v. *Graves,* 331 Ill. 268; *People* v. *Popovich,* 295 Ill. 491.) The admission of such evidence is premised on the fact that its exclusion would deprive the party seeking to use it of his opportunity to exhibit the truth and in leaving him the prey

of a hostile witness. (3 Wigmore on Evidence, 3rd ed. sec. 903.) It must be recognized, however, that in criminal cases these extrajudicial statements are often highly incriminating and are usually made outside the presence of the defendant. To give these statements substantive value would allow an accused to be convicted on extrajudicial statements of witnesses—a practice that runs counter to the notions of fairness on which our legal system is founded. (*Bridges* v. *Wixon,* 326 U.S. 135, 89 L. ed. 2103, 65 S. Ct. 1443.) Therefore, prior self contradictions are not to be treated as having any substantive or independent testimonial value. *People* v. *Morgan,* 28 Ill.2d 55; *People* v. *Moses,* 11 Ill.2d 84; see also 3 Wigmore on Evidence, 3rd ed. sec. 1018; McCormick on Evidence, sec. 39.

While we have recognized the necessity for, and permitted the use of, contradictory statements for impeachment, we have also recognized the danger that the out-of-court statement may be taken by the jury as substantive testimony in place of the statement on the stand. As a practical matter, it may be impossible for a juror to consider extrajudicial statements as bearing on the credibility of the witness and avoid being influenced by it as substantive evidence on the main issue, (see McCormick on Evidence, sec. 39,) but the difficulty of the mental operation the law asks a juror to make in considering evidence for one purpose and not another does not convince us that convictions should be based on out-of-court statements of witnesses who will not affirm these statements in a public proceeding. Accordingly, this court has refused to allow a conviction to be based solely on unsworn statements by witnesses (see *People* v. *Tate,* (No. 36481) *post,* 400; *People* v. *Newman,* (No. 37735) *post,* 411, or to permit such unsworn statements to be offered virtually for the purpose of using them as testimony. (*People* v. *Barragan,* 337 Ill. 531.) And, to lessen the risk of the properly admitted prior inconsistent statement of a witness being considered by the

jury as testimony, this court has required that the impeachment not be repetitious (*People* v. *Moses*, 11 Ill.2d 84,) and that the jury be clearly cautioned and instructed to limit its consideration of such evidence for its proper purpose. *People* v. *Tunstall*, 17 Ill.2d 160.

We believe that the extraordinary length and repetition of the impeachment testimony offered in this case together with the fact that the trial court failed to instruct the jury as to the purpose for which this evidence was admitted compels the conclusion that the effect of the impeachment evidence was so prejudicial as to warrant a new trial.

The judgment of the criminal court of Cook County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*