(Nos. 36481, 36566, Cons.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. EMMETT TATE et al., Plaintiffs in Error.

*Opinion filed March 18, 1964.*

EDWARD E. GIBSON, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Emmett Tate, Marshall Tate, Hosie Laws, Willie Laws and Odelia Gardner were jointly indicted in the criminal court of Cook County for the murder of David Thomas. Hosie Laws pleaded guilty, and the cases of Willie Laws and Odelia Gardner were severed for trial. Marshall Tate and Emmett Tate were tried together before a jury, and were found guilty. Each was sentenced to the penitentiary for a term of fourteen years and each has prosecuted a writ of error to review his conviction. The cases have been consolidated in this court.

The defendants urge that they were not proved guilty beyond a reasonable doubt, that the trial court erred in permitting incompetent evidence to be used against them, and that the conduct of the prosecutor in his examination of witnesses deprived them of a fair trial.

In the view we take of the case, it is unnecessary to set out the evidence in complete detail. The body of David Thomas was found in Washington Park in the city of Chicago about 6:30 A.M. on December 15, 1959. The cause of his death was stipulated to have been exsanguination from a laceration in the neck. There was evidence from which the jury could have found that the deceased and the five defendants were together about 8:30 P.M. on December 14, 1959; that there was an argument about the alleged activities of the deceased as a stool pigeon; that he was chased by the Tate brothers and caught and held by the Laws brothers; that all six then got in Marshall Tate's car, and ultimately drove to a parking lot in Washington Park where the Tate brothers and Hosie Laws took the deceased from the car to a clump of bushes in the park, beat him, and killed him.

We are of opinion, however, that the defendant's contention that prejudicial error was committed in connection with the admission of certain evidence is well taken and that the judgments must therefore be reversed and the cases remanded for a new trial. Hosie Laws was brought from

the penitentiary to testify as a witness for the defense. He testified that he alone was responsible for the death of David Thomas and denied that either Marshall Tate or Emmett Tate participated in the murder. On cross-examination, the prosecuting attorney asked if he had ever made a contrary statement.. Over the defendant's objection, the prosecutor then read a series of questions and answers from a statement given by Hosie Laws to police officers after his arrest, in which he had said that both Marshall Tate and Emmett Tate had fought with David Thomas in the park and that Emmett Tate had stabbed Thomas with a knife. This statement was again brought to the jury's attention when the parties stipulated that if Donald Flannery were called to testify, he would testify that he was a court reporter and that he took a statement from Hosie Laws in question and answer form. The questions and answers were then read to the jury by the prosecutor..

The defendant's attack upon the admissibility of this evidence rests primarily upon the following statement from the opinion of this court in *People* v. *Tunstall,* 17 Ill.2d 160, 166-7:

"No man can confess to a crime for anyone but himself. (*People* v. *Rupert,* 316 Ill. 38.) Because of this simple and just rule the law is well settled that confessions or admissions of a co-defendant, or those of a witness against an accused, are not admissible in evidence against such accused unless made in his presence and assented to by him. When this principle is applied to the facts of the present case it is manifest that Webb's statement was not competent evidence against the defendant.

"The People do not contend to the contrary but assert that the use of the confession became proper in the case when the need arose to impeach the testimony of Webb. Fundamental justice, however, will not countenance accomplishment by indirection of that which it will not permit directly. (See: *People* v. *Childress,* 1 Ill.2d 431.) Accord-

ingly, we have held that the admission of a confession or statement made outside the presence of a defendant is not competent, even for the purpose of impeachment, where such statement or confession bears directly upon a defendant's guilt or innocence of the crime, and is likely to have a prejudicial influence on the minds of the jury. See: *People v. Hundley*, 4 Ill.2d 244; *People v. Barragan*, 337 Ill. 531; *People v. Buckminster*, 274 Ill. 435."

The factual situations in the three cases cited for the broad proposition thus announced differed from the problem presented in the *Tunstall* case. *In People v. Barragan* this court concluded that the primary purpose of the prosecution in having the witness in question testify as the court's witness was to place before the jury, not the testimony of the witness, but his accusatory statement made out of court. *(Cf. United States v. Block* (2d cir. 1937,) 88 F.2d 618.) This was also the situation in *People v. Hundley*, although by way of *dictum* the court there stated: "If she had been a willing witness, it is elementary that neither she nor the officers to whom it was made could have testified to it." (4 Ill.2d at 252.) In *People v. Buckminster* the court was concerned primarily with the admissibility, against the defendant, of the involuntary confession of a co-defendant.

Impeachment of a witness by a prior contradictory statement is of course an accepted technique. As this court said in *People v. Moses*, 11 Ill.2d 84, 87: "Evidence of prior inconsistent statements by a witness is admissible to impeach his credibility. (*People v. Smith*, 391 Ill. 172, 176.) Such evidence is not admitted as proof of the truth of the facts stated out of court, but to cast doubt on the testimony of the witness by showing his inconsistency, and an instruction to that effect should be given upon request. (McCormick, Evidence, 73; 3 Wigmore on Evidence, sec. 1018.) It is therefore not hearsay."

But impeachment by a prior inconsistent statement has never been entirely satisfactory because of the difficult

mental operation it imposes upon the jurors. "If a jury is not to be trusted to evaluate hearsay evidence properly, it may be doubted that it could consider it for one purpose but avoid being influenced by it for another purpose." (133 A.L.R. 1454, 1466.) In criminal cases, moreover, the earlier statement relied upon for impeachment frequently tends to exculpate the witness and place responsibility for the offense upon someone else. On the other hand, the earlier statement, closer to the event, may be superior in trustworthiness to the subsequent testimony of the witness, and for this reason commentators have urged that prior inconsistent statements should be admitted not just to impeach, but for their substantive value as evidence. Wigmore on Evidence, 3d ed., sec. 1018; McCormick on Evidence, pp. 73-82; Morgan, Hearsay Dangers and the Application of the Hearsay Concept, 62 Harvard Law Review 177; see, also, A.L.I. Model Code of Evidence, Rule 503. The courts, however, have been reluctant to take this step. See 62 Harv. Law Rev., 192, ff.

Our decision in *People* v. *Tunstall,* 17 Ill.2d 160, did not rest solely upon the broad statement that is relied upon by the defendant, and that statement is not adhered to. The court there also pointed out that "Inasmuch as the jury was neither informed nor instructed that the statement could be considered only for the limited purpose of determining * * * credibility, * * * its introduction into evidence left the jury free to look upon it as further evidence of the defendant's guilt. If, from the competent evidence already admitted, the jury entertained any doubts that the defendant was guilty, it would be difficult, if not impossible, to remove the impression of guilt which would follow from such a statement. * * * Moreover, from the prosecutor's action in bringing each and every detail of Webb's statement to the attention of the jury, suspicion attaches that he was not motivated by a purpose of impeachment alone, but also by a desire to get before

the jury Webb's statement that defendant had prepared for the crime, assisted in its commission, and shared in its spoils." 17 Ill.2d 166, 168.

In the present case, as in *Tunstall,* the jury was not adequately instructed as to the limited purpose for which the impeaching evidence could be used. When the defendant objected to the introduction of the impeaching testimony, the trial judge overruled the objection, saying: "It is a matter of attempted impeachment." No other explanation or instruction was given to the jury with respect to this testimony, and we think that the observation of the trial judge was not adequate to inform the jury that the statement of Hosie Laws to the police officers was admissible only to impeach his credibility. The necessity for a clear and distinct admonition to the jury in this case was underscored by the following argument made by the assistant State's Attorney in the presence of the jury, while urging the admissibility of the evidence: "If the Court please, I might add, as I said before, that this is not a question of hearsay. These two defendants and two others were indicted jointly. Anything said by one of the individuals in the pursuance of the common activity is admissible in [against] all, outside the presence of each other. And for that additional reason I submit to this Honorable Court that Counsel's objection should be overruled * * *." The argument was obviously unsound, (see *Fiswick* v. *United States,* 329 U.S. 211, 217, 91 L. ed. 196.) but the jurors were not so advised and the possibility that they might consider the evidence substantively was thus enhanced.

Since the case must be remanded for a new trial, one other observation is pertinent. Hosie Laws testified that his statement was the result of coercion by the police. This court has held that the voluntary character of an out-of-court statement must be established before it may be used even for impeachment purposes. (See *People* v. *Adams,* 1 Ill.2d 446, 451; *People* v. *Hiller,* 2 Ill.2d 323, 327.) What

was said on this subject in *People* v. *Biloche,* 414 Ill. 504, 511, must be regarded. as having been overruled by the *Hiller* and *Adams* cases.

· Other alleged errors are unlikely to recur. The judgments of the criminal court of Cook County are reversed, and the causes are remanded for new trials.

· *Reversed and remanded.*