**People of the State of Illinois, Plaintiff-Appellee, v. Aubrey Jones, Defendant-Appellant.**

Gen. No. 65–9.

Fifth District.

August 10, 1966.

Ralph J. Derango, of Belleville, for appellant.

John M. Karns, Jr., State's Attorney, of Belleville (Paul M. Storment, Jr., Assistant State's Attorney, of counsel), for appellee.

MORAN, J.

This is an appeal from the Circuit Court of St. Clair County, Illinois. The defendant, Aubrey Jones, was indicted, tried before a jury, and found guilty of armed robbery. He was subsequently sentenced to the Illinois State Penitentiary for a term of not less than five nor more than fifteen years.

We believe that highly prejudicial testimony was erroneously admitted and that the judgment must there-

fore be reversed. In view of this error, it is unnecessary to state all of the evidence. One of the witnesses for the prosecution was Richard McCall, who had pleaded guilty to the same charge and had already been sentenced to Menard State Penitentiary. He testified that he was awakened at about 1:00 a. m. by Aubrey Jones, who wanted McCall to go with him "to keep his children." He testified that he did not go anywhere with Jones and that, even though he met a white man somewhere, Jones was not with him. At this point, the Assistant State's Attorney claimed surprise, based upon a statement McCall had given to the East St. Louis Police and asked the court to declare him a hostile witness. The court, stating that it had read the statement, declared McCall a hostile witness. He was questioned about his signature and admitted that he had signed the statement. The entire statement was then admitted into evidence and was passed to the jury to read. The court made no comment to the jury, and the jury was not instructed concerning the purpose of the admission or the weight to be given to the assertions contained in the statement. The statement introduced for impeachment contained many more assertions than those testified to by McCall and constituted a rather complete description of the events which took place on the night of the robbery.

■ ■ The principal purpose of the introduction of McCall's statement was not to impeach McCall, but rather to use McCall's confession as evidence against the defendant. No man can confess to a crime for anyone but himself. The introduction of the statement under these circumstances was reversible error. People v. Tate, 30 Ill2d 400, 197 NE2d 26; People v. Tunstall, 17 Ill2d 160, 161 NE2d 300; People v. Barrigan, 337 Ill 531, 169 NE 180.

For the foregoing reasons, the judgment of the lower court is reversed and the case is remanded for a new trial.

Reversed and remanded for new trial.

GOLDENHERSH and EBERSPACHER, JJ., concur.