634

The People of the State of Illinois, Plaintiff-Appellee, *v.* Robert B. Coagan, Defendant-Appellant.

(No. 72-273;

Second District—May 29, 1975.

Bernard B. Brody, Theodore M. Becker, and Edward Genson, all of Chicago, for appellant.

John J. Bowman, State's Attorney, of Wheaton (James W. Jerz and Martin Moltz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury found defendant guilty under a complaint charging him with the unlawful sale of amobarbital and secobarbital. (Ill. Rev. Stat. 1969, ch. 111½, § 802(b).) He was sentenced to 1 year probation, conditioned upon his serving the first 90 days in jail, and fined $250.

On appeal, defendant raises several issues but, because of our holding, we address only one: the court erred by allowing a witness' prior, contradictory, extrajudicial statements to be considered as substantive evidence.

The State commenced presentation of its evidence with testimony of one Bobby Hall, the alleged buyer of the drug, who supposedly cooperated with police in arranging the purchase from the defendant. The witness initially refused to testify and was granted immunity. Upon further direct examination, he denied that he was a party to a sale or that a sale had ever taken place. He was then declared a hostile witness by the court. Under the prosecution's cross-examination, he admitted that he was in defendant's store on the date of the sale but denied that he cooperated with the police in arranging any sale of drugs.

Thereafter, five policemen testified, each describing his particular role in the controlled sale between Hall and the defendant, each fully corroborating the others' testimony. Their testimony was that Hall, several policemen and an assistant State's attorney, arranged a controlled sale on May 11, 1970; that prior to the sale, Hall was thoroughly strip-searched and given $100 in bills which had been dusted with ultraviolet powder; the serial numbers were recorded. Two officers took Hall to the vicinity of the drug store where defendant was employed. The officers remained outside the drug store; none observed the actual sale, although one saw Hall near the drug counter. When Hall left the store, he was carrying a brown bag under one arm. He was stopped on the street by two officers, one of whom testified, over defendant's objection, that Hall told him to "make it [the arrest] look good." The three returned to the store where other officers waited, and Hall faced the defendant. Three officers testified, over defendant's objection, that when asked who sold him the capsules, Hall stated, "He did," indicating the defendant. One policeman testified that Hall said, "That's him."

The defendant was thereupon arrested. His hands, examined under a black light at the local police station, revealed traces of powder from

the marked money. Hall was taken to the Hinsdale police department and again searched. A pack of cigarettes, $26 in marked currency and $0.50 in coin were found on his person. The balance of the marked bills were found in the drug store, $40 on top of the drug counter near a receipt box, $33 under the cash tray at the drug counter, and $1 in the register at the front of the store. One of the arresting officers testified, again over defendant's objection, that Hall stated two or three times that the arrest did not look good enough.

The defendant testified that he did not sell capsules containing secobarbital and amobarbital to Hall and, further, that the drug store did not even carry them in stock at that time. He denied ever seeing Hall prior to the latter being brought into the drug store by the police, and he denied that Hall was asked to state whether it was he (defendant) who sold the drugs.

After Hall denied making a statement, four State witnesses testified that while in the presence of the defendant, they heard Hall make a statement identifying defendant as the person who sold him the capsules. Defendant takes the position that this evidence, as well as the other out-of-court statements Hall allegedly made, could only be introduced for the purpose of impeaching Hall's former denial of both the statement and his participation in the controlled sale. From this stance, he argues that a proper foundation for impeachment was not laid at the time Hall testified and that the court was therefore obligated to either strike the testimony of the State's witnesses or to instruct the jury that the testimony was received for the limited purpose of impeaching Hall's denial.

■■■ In response, the State maintains on appeal, as it did at trial, that the testimony of the officers was offered as substantive evidence to prove the commission of the offense and that it was properly admitted for that purpose. It contends that there was no need to lay a foundation for introduction of Hall's out-of-court statements. We agree that the officers' testimony regarding their observations and activities in coordinating the controlled sale was properly admitted as substantive evidence. As defendant correctly asserts, however, their testimony on Hall's out-of-court statements was clearly hearsay and admissible, if at all, only to impeach Hall. (McCormick, Handbook of the Law of Evidence §§ 246, 251 (2d Ed. 1972).) Despite defendant's adamant urging, the court refused to grant an instruction limiting the testimony to impeachment of the witness, and allowed its introduction as substantive evidence to prove defendant had committed a crime. Our supreme court has specifically rejected adopting a rule permitting the use of prior out-of-court statements as substantive evidence. (*People v. Collins*, 49 Ill.2d 179, 193-98 (1971).) When such statements are allowed for impeachment purposes, the court has

required that the impeachment not be repetitious. (*People v. Paradise,* 30 Ill.2d 381, 384-85 (1964).) The rule has been fastidiously followed with the court finding that even a limiting instruction is insufficient where the out-of-court statement, supposedly used for impeachment, was detailed and emphasized during closing arguments. *People v. Bailey,* 60 Ill.2d 37, 42 (1975); also see *Comment, Hearsay, Witnesses' Prior Statements, and Criminal Justice in Illinois,* 1974 U. Ill. L. F. 675.

In the instant case, the substance of the out-of-court statement (identification of defendant as the person who sold Hall the capsules) was repeated, and no instruction was given to limit its use to the impeachment of Hall's credibility. For these reasons, we hold that it was reversible error to admit, as substantive evidence, testimony on Hall's out-of-court statements.

Reverse and remand for a new trial.

GUILD and RECHENMACHER, JJ., concur.