THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VINSTON TAYLOR, Defendant-Appellant.

Third District   No. 77-529

Opinion filed December 29, 1978.

Robert Agostinelli and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Fred R. Odendahl, State's Attorney, of Monmouth (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Vinston Taylor appeals from a conviction of burglary following a jury trial and a consequent sentence of from 6 to 18 years in the penitentiary. On appeal in this court, the only issue raised by defendant is that the trial court erred in allowing a co-defendant's out-of-

court statement, made out of the presence of defendant, which implicated the defendant, and which was admitted for impeachment of the co-defendant. There was also an additional issue raised by the State, which asserts that defendant waived all trial errors by failing to file a post-trial motion and that, in any event, the error of the trial court was harmless.

Defendant Taylor, with Charles Nichols and Daniel Hayes, was charged with having committed the offense of burglary (Ill. Rev. Stat. 1975, ch. 38, par. 19(1)(a)). The Warren County public defender's office was appointed to represent all three men. They filed a motion for appointment of separate counsel, and the trial court then appointed the same private counsel for defendants Taylor and Nichols, who were tried jointly, and the public defender continued to represent Hayes.

Defendant Taylor filed a motion for severance on the ground that he would be prejudiced by the admission in evidence of the statement of the co-defendant Nichols, which consisted of an out-of-court admission of guilt by Nichols. .The trial court denied the motion for severance and granted the State's motion to consolidate the cases of Taylor and Nichols. Defendant Taylor thereafter filed a motion to suppress the admission made by Nichols, which motion was denied. There was later an agreement that the admission, if read into evidence, would be read with defendant's name deleted but, apparently, there was no waiver of the objection by defendant to the receipt in evidence of Nichols' admission, if it involved use of defendant's name.

From the record it appears that a trailer owned by Virgil Sage was broken into on the night of May 20, 1977. Sage testified that record albums, meat and loose change were taken from the trailer. Mrs. Inman, a neighbor of Sage, testified that on the evening of May 20, 1977, at approximately 11 p.m., she saw an automobile pull into the Sage yard and park there. Two men got out of the car and walked around the yard. Mrs. Inman then heard glass break and saw that the two men were no longer in the yard and that the lights in the trailer had been turned on. Mrs. Inman then saw the two men walking back and forth between the trailer and the automobile. After the automobile left, it returned 10 or 15 minutes later and pulled into the same space. Two men left the automobile at that time and went into what is described by Mrs. Inman as the "cellar." After they came out of the cellar, one of the men returned to the automobile and the other two went into the trailer. At that time, Mrs. Inman's husband returned to their home.

Mr. Inman testified that after he came home, at midnight, he walked over to the Sage trailer with a flashlight and saw two men in an automobile. He identified the man in the driver's seat as Charles Nichols

and the man in the back seat as Vinston Taylor. Inman also saw Hayes come out of the trailer.

A neighbor who lived in a trailer court next to the trailer of Daniel Hayes, testified that on the night of May 20, 1977, Hayes, Nichols and Taylor removed boxes from an automobile and carried them into Hayes' trailer.

Hayes testified, as a court's witness, that he (Hayes), Taylor and Nichols entered the Sage trailer and took the articles which Sage reported were missing. Hayes said that the three men returned to the trailer after the burglary to look for a billfold lost by Hayes. A statement was also disclosed in which Hayes implicated himself, Nichols and Taylor, after his arrest. A week before Taylor's trial, Hayes wrote a letter to the judge saying that his post-arrest statement was untrue and that he (Hayes) had been alone in the burglary, but that when he returned to the trailer to look for his billfold, Taylor and Nichols accompanied him. The letter added that Taylor and Nichols committed no crime. At the trial, Hayes testified that what he had written in the letter was not true and that his post-arrest statement was true. Hayes also said that the State's Attorney offered him a 2- to 6-year sentence and offered not to prosecute him for perjury if he would testify for the State. An admission made by Nichols, which was read into evidence, stated that he (Nichols) and Hayes drove to the Sage trailer and that Hayes went into the trailer for a few minutes. Both Nichols and Taylor testified that they and Hayes had been together on the night of May 20, 1977, and that they had helped Hayes unload some items from the Hayes automobile and that such items were taken into the Hayes trailer. Nichols testified that on the night of May 20, Hayes asked him if he (Nichols) would run by a house of a friend of Hayes to pick up a "bag of pot." Nichols said he drove to the house, which he later learned was the Hayes trailer. Nichols also testified that while he and Taylor sat in the automobile, Hayes went into the Sage trailer and that a man appeared and asked questions. Nichols said he then left on foot because he was afraid he would have his parole revoked.

On cross-examination of Nichols, the State asked Nichols if he and Taylor had gone into the trailer. Nichols responded that Hayes had gone into the trailer. The State then introduced, over objection of the defendant, a portion of the statement of Nichols, in which Nichols said, "When we got there, I parked in front of a Cadillac and Taylor and Hayes went in the trailer." The jury was not instructed that this statement was to be used for impeachment purposes only and not as evidence of Taylor's guilt. Defendant Taylor denied that he had ever been in the Sage trailer.

Although defendant filed a timely notice of appeal, no post-trial motion was filed in this case. The State argues that defendant's failure to

file a post-trial motion constitutes a waiver of all issues on appeal, and cited in support thereof, the case of *People v. Hammond* (5th Dist. 1977), 48 Ill. App. 3d 707, 362 N.E.2d 1361. In the *Hammond* case, the appellate court dismissed defendant's appeal of his burglary conviction on the ground that no post-trial motion had been filed. The court noted that the precise problem it was addressing had never been ruled on by an Illinois reviewing court and in support of its ruling, the *Hammond* court cited cases holding that the failure to raise an issue in a written post-trial motion constituted a waiver of that issue. (See *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) In the *Hammond* case the court noted that the same reasons which support the rule that an issue not raised in a post-trial motion is waived would also support a rule that the failure to file any post-trial motion amounts to a waiver of all issues. The point is made that the post-trial motion informs the trial court of a possible error and an opportunity to correct it and to give the reviewing court the benefit of the judgment and observation of the trial court with respect to the error, as well as to determine whether there was acquiescence by the defendant.

■■ In appropriate cases, we have held that error must be preserved by either objection at the proper time or by filing a post-trial motion and that a post-trial motion was not essential in a bench trial. (*People v. Guynn* (3d Dist. 1975), 33 Ill. App. 3d 736, 737, 338 N.E.2d 239, 240.) We have also noted that many cases have held that when grounds for a new trial are stated in writing, a defendant on review is limited to errors set out in the post-trial motion, and the other issues are regarded as being waived. (*People v. Davis* (1st Dist. 1974), 18 Ill. App. 3d 793, 310 N.E.2d 682.) It has also been noted in *People v. Dees* (1st Dist. 1977), 46 Ill. App. 3d 1010, 1018, 361 N.E.2d 1126, 1131, that the post-trial waiver rule "has been relaxed where an issue not specified in the motion for a new trial had in fact been brought to the attention of and ruled upon by the trial court and where the accused would have been prejudiced should his contention be established as well-founded." In the instant case, the issue raised on appeal was brought to the trial court's attention and was ruled on during the trial. It was, in fact, the basic premise upon which the defense of Taylor was asserted.

● 2 In the instant case, defendant's appointed counsel apparently failed to file a post-trial motion within 30 days of sentencing. The issue before the court on appeal, at this time, was specifically raised in the trial court as the defense upon which defendant basically relied, and the statement of Nichols was sought to be barred from being presented to the jury because of what was contended to be its devastating effect on defendant Taylor. Under the circumstances, we must conclude that the ineffective representation of counsel on this issue through failure to file the post-trial

motion, which may have resulted from the procedures in appointing the same counsel for Taylor and Nichols, requires that we consider the issue on appeal, despite the failure to file the post-trial motion.

■■ As we have indicated, the only error which defendant Taylor alleges was committed by the trial court arose from the allowance of a reading to the jury of a portion of Nichols' out-of-court admission, which stated that defendant had entered the Sage trailer. The supreme court of this State has repeatedly asserted that an out-of-court admission of a co-defendant who testifies in the case, or of a witness against an accused, is not admissible as evidence against the accused, unless the admission was made in the presence of the accused and assented to by him. *People v. Tate* (1964), 30 Ill. 2d 400, 197 N.E.2d 26; *People v. Tunstall* (1959), 17 Ill. 2d 160, 161 N.E.2d 300; *People v. Rupert* (1925), 316 Ill. 38, 146 N.E. 456.

Here, the admission of Nichols, the co-defendant, was introduced, not as evidence against defendant Taylor, but rather to impeach the credibility of Nichols. The co-defendant Nichols had testified that defendant Taylor had not entered the trailer which had been burglarized. To impeach this testimony, the prosecutor read from the confession of Nichols that "* * * Taylor and Hayes went to the trailer * * *." Prior to the admission of such evidence, defendant's attorney had objected to any part of the statement being read with reference to the defendant. The judge had stated that the statement was impeaching and allowed a portion of it which referred to defendant to be introduced. The Illinois Supreme Court had asserted in the *Tate* case that impeachment of a witness by a prior contradictory statement is an accepted technique, but that such evidence is not admitted as proof of facts in the statement. In *Tate*, the court reversed the conviction and held that the observations of the trial judge that "It is a matter of attempted impeachment" is not adequate to inform the jury that the statement to police was admissible only to impeach the credibility of the individual testifying or making the statement, and not as evidence of defendant's guilt. *People v. Tate* (1964), 30 Ill. 2d 400, 403-05.

Here the trial judge made no observation to the jury indicating that the reading of the Nichols' statement was a matter of attempted impeachment nor was the jury instructed specifically that it could only consider the prior inconsistent statement for the purpose of impeaching the credibility of Nichols and not as evidence of defendant's guilt. The only instruction given on impeachment was Illinois Pattern Instructions, Criminal, No. 3.11 (1968), which stated:

> "Evidence that on some former occasion a witness made a statement inconsistent with his testimony in this case, may be considered by you in deciding the weight to be given to the testimony of that witness."

In the recent case of *People v. Riley* (1st Dist. 1978), 72 Ill. App. 3d 176, 183, 379 N.E.2d 746, 752, the court stated:

"Concerning the use of prior inconsistent statements for impeachment purposes, the Illinois courts have specifically, and repeatedly, emphasized that it is the court's duty to insure that the jury is instructed that the statements are not admitted as substantive evidence, but only for the purpose of impeaching the credibility of the witness. (See *People v. Paradise* (1964), 30 Ill. 2d 381, 196 N.E.2d 689; *People v. Tate* (1964), 30 Ill. 2d 400, 197 N.E.2d 26; *People v. Tunstall* (1959), 17 Ill. 2d 160, 161 N.E.2d 300; *People v. Fields* (1975), 31 Ill. App. 3d 458, 334 N.E.2d 752; *People v. Kelly* (1974), 22 Ill. App. 3d 908, 317 N.E.2d 282; *People v. Bacon* (1971), 2 Ill. App. 3d 324, 276 N.E.2d 782)."

The supreme court in *People v. Paradise* (1964), 30 Ill. 2d 381, 384-85, 196 N.E.2d 689, stated that:

"[T]o lessen the risk of the properly admitted prior inconsistent statement of a witness being considered by the jury as testimony, this court has required that * * * the jury be clearly cautioned and instructed to limit its consideration of such evidence for its proper purpose. *People v. Tunstall*, 17 Ill. 2d 160."

Also, in *People v. Kelly* (2d Dist. 1974), 22 Ill. App. 3d 908, 914, 317 N.E.2d 282, 286, the appellate court has stated that:

"[I]t is essential that the jury should be properly instructed that such statement was not admitted for the purpose of showing the evidence of the guilt of the defendant, or, as substantive evidence, but merely for the purpose of impeaching the credibility."

We, therefore, conclude that the failure of the trial court in the instant case to instruct the jury on the limited purpose of the impeachment evidence was clearly error. Defendant also contends that the limiting instruction with regard to the impeaching evidence must be given at the moment such evidence is admitted and not at the end of the trial. While we do not believe that there is a basis for such inflexible rule, we believe it is wise for the court to instruct the jury that the statement is admissible to be used solely against the individual testifying or making the statement and it must be made clear to the jury that the evidence is limited as against the declarant only. We believe it would be good procedure for the court to so advise the jury at the time the impeaching evidence is admitted and, also, to instruct the jury at the trial's conclusion as to this issue.

The State contends that even if there was error in admitting a portion of the statement of Nichols which implicated defendant, that the error was harmless. We do not believe that this contention is sustained by the record. Neither of the Inmans who testified saw defendant inside the trailer. Hayes, who testified for the State, had changed his story at least

twice and his evidence may have been received with some skepticism by the jury. It is, therefore, conceivable that the jury may have relied on a statement by Nichols which tended to corroborate the testimony of Hayes, and that, without such corroboration, the jury may not have found defendant guilty in the instant case.

Also, the circumstance that Mr. Inman saw defendant in the automobile during Hayes' second trip to the Sage trailer would not have been a basis for a conviction. On the second trip to the trailer, Hayes had no intention of committing a further crime but apparently was seeking to find his wallet, and the jury could have considered Taylor's presence to be innocent and not involving any circumstances which would justify a conviction for burglary.

For the reasons stated, therefore, this cause insofar as it involves the conviction and sentence of Vinston Taylor is reversed and the cause is remanded to the Circuit Court of Warren County for a new trial.

Reversed and remanded.

STENGEL and STOUDER, JJ., concur.