THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CORNELIUS BURNS, Defendant-Appellant.

Fifth District   No. 78-309

Opinion filed December 4, 1979.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, and Lynn Ohrenstein, law student, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mme JUSTICE SPOMER delivered the opinion of the court:

Defendant-appellant Cornelius Burns was convicted of armed robbery and attempt murder after a jury trial in the Circuit Court of St. Clair County. He was sentenced to concurrent terms of 10 years imprisonment for each offense.

On appeal, the defendant contends that he was not proved guilty beyond a reasonable doubt; that the trial court erred in refusing to instruct the jury as to the limited purpose for which certain impeaching evidence could be considered, in admitting hearsay testimony concerning out-of-court identifications, and in improperly instructing the jury as to the elements of the offense of attempt murder; that he received ineffective assistance of counsel; and that he was penalized for exercising his right to trial by jury. Finding no reversible error in the proceedings below, we affirm the defendant's convictions and the sentences imposed by the circuit court.

The victim of the offenses was Ethel Sawyer, the 62-year-old manager of a confectionary in East St. Louis. She testified that at about 9:30 p.m. on March 5, 1977, she was resting on her bed in the back room of the store. She had about $500 in cash in an envelope in her bosom. A man whom she identified as the defendant came into the room holding a .45-caliber pistol, shot her four times at point-blank range, and took the money. Although she did not know the defendant's name, she recognized him as having been in the store before. She had also seen him in the neighborhood with his girlfriend. She selected the defendant's picture from a photographic array, and also picked him out of a lineup.

Three neighborhood children who had been in the front of the candy store at the time of the offenses all identified the defendant as Mrs. Sawyer's assailant. They knew him as "Main." They had seen him around the neighborhood previously, as he had been dating a girl who lived across the street from them. On his way out of the store, the defendant had threatened the children with death if they reported him to the police. The children testified that at the time of the offenses the defendant had been wearing a military-type jacket with stripes on the sleeve. All three children had identified the defendant at a lineup.

The defense was alibi. The defendant and several other witnesses testified that on the evening of March 5, 1977, he had been at a birthday party for his sister, Liz Burns. Photographs of the defendant purportedly taken at the party were introduced into evidence. The defendant, his girlfriend Joann Gibson, and his sister all testified that he had owned a military jacket, but that it had no stripes on the sleeve. At a previous trial, which had ended in a mistrial, Joann Gibson had testified that the jacket did have two stripes.

The defendant's first contention in this court is that the record raises a substantial doubt as to whether he was the person who committed the offenses. He argues that his conviction cannot stand in light of his strong alibi evidence and the fact that the identifications were made by "the traumatized victim and the frightened children."

■■ We agree, of course, that it was the duty of the jury to resolve all the

facts and circumstances in evidence on the theory of innocence rather than guilt, if that reasonably might be done, and that if the entire record before us left a grave and substantial doubt of the defendant's guilt, we would reverse the conviction. (*People v. Sheppard* (1949), 402 Ill. 347, 83 N.E.2d 587.) However, a mere conflict in the evidence on the material facts in issue will not justify a reversal where there is sufficient credible evidence to convict. No authority need be cited for the proposition that it is the province of the jury to determine the credibility of the witnesses and the weight to be given to their testimony. We may not substitute our judgment as to credibility for that of the jury.

■■■ The testimony of a single witness, if it is positive and the witness is credible, is sufficient to convict, even though it is contradicted by the accused. (*People v. Tribbet* (1968), 41 Ill. 2d 267, 242 N.E.2d 249.) At most, the testimony of record here created a conflict between the testimony of the defendant and his witnesses and that of the victim and the other identifying witnesses. (See *People v. Wright* (1970), 126 Ill. App. 2d 91, 261 N.E.2d 445.) The jury was not obliged to believe the defendant's witnesses and disbelieve the positive identification made by the victim and the three children. (*People v. Wright*; *People v. Taylor* (1972), 8 Ill. App. 3d 727, 290 N.E.2d 342.) The jury evidently believed the evidence presented by the prosecution. We do not find that evidence so unsatisfactory as to raise a grave and substantial doubt of the defendant's guilt.

■■■ Nor do we find merit in the other issues raised by the defendant on appeal. We agree with the defendant that it would have been preferable for the court to instruct the jury that the testimony of Joann Gibson from the prior trial should not be considered by them as substantive evidence that the defendant owned a jacket with stripes. The jury was instructed, in accord with Illinois Pattern Jury Instructions, Criminal, No. 3.11 (1968), as follows:

> "Evidence that on some former occasion a witness made a statement inconsistent with his testimony in this case, may be considered by you in deciding the weight to be given to the testimony of that witness."

The defendant tendered a modified instruction which added the following paragraph:

> "An inconsistent statement is not evidence of the fact stated therein. You are to consider any prior inconsistent statement only for the purpose of deciding what weight should be given to all of the testimony of that witness."

Refusal of this instruction, if error, was clearly harmless beyond a reasonable doubt. Unlike the situations in *People v. Chitwood* (1976), 36 Ill. App. 3d 1017, 344 N.E.2d 611; *People v. Taylor* (1978), 66 Ill. App. 3d

907, 384 N.E.2d 558; and *People v. Riley* (1978), 63 Ill. App. 3d 176, 379 N.E.2d 746, the testimony in question here did not directly bear on the issue of the defendant's guilt or innocence. The identification of the defendant was not based on whether or not his jacket had stripes on the sleeve. The identifying witnesses testified positively that they recognized the defendant from having seen him previously in the neighborhood. Failure to give the tendered instruction could not have had any bearing on the outcome of the trial.

■■ The defendant next complains of certain hearsay testimony by police officers as to out-of-court identifications made of the defendant. This testimony was not objected to at trial nor in the defendant's motion for a new trial. In light of the positive identification of the defendant by four witnesses, we cannot find the admission of the complained-of testimony to be plain error. We therefore treat this issue as waived. Similarly, the contention that the jury was improperly instructed as to the necessary elements of attempt murder must be treated as waived. (See *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331.) The defendant himself states in his brief that it is uncontested that Ethel Sawyer was the victim of an attempt murder. There was no issue as to the assailant's mental state. The only issue was whether or not the defendant was the assailant. He could not have been prejudiced by the court's attempt murder instruction.

■■ The defendant further contends that he was denied the effective assistance of counsel by his attorney's failure to object to the hearsay testimony and the attempt murder instruction. Before we could reach a conclusion of inadequate representation, the record would have to reveal that had counsel done what the defendant claims he should have done the outcome of the case would probably have been different. (*People v. Goerger* (1972), 52 Ill. 2d 403, 288 N.E.2d 416; *People v. Garrett* (1977), 51 Ill. App. 3d 704, 366 N.E.2d 517; *People v. Goodwin* (1975), 24 Ill. App. 3d 1090, 322 N.E.2d 569.) Here, as previously noted, objection to the hearsay testimony and to the attempt murder instruction would not have been likely to make any difference in the jury's resolution of the material issues. The identification testimony was merely cumulative of other positive identifications. The element of intent in attempt murder was not in issue. We cannot conclude that counsel's failure to object to either the testimony or the instruction resulted in any prejudice to the defendant. We therefore cannot find his representation to be inadequate.

■■ Finally, the defendant argues that he is entitled to a new sentencing hearing because he was penalized for exercising his right to trial by jury. This contention is based on the fact that, during the course of the trial, the prosecutor had offered him a negotiated sentence of nine years in return for a guilty plea. At the sentencing hearing, the prosecution recommended a sentence of 25 years. Although, of course, an accused may not be punished for exercising his right to trial (*People v. Sivels* (1975),

60 Ill. 2d 102, 324 N.E.2d 422), we find no indication of such an improper purpose in the sentences imposed here. The court rejected the prosecution's recommendation and imposed 10-year sentences well within the statutory limits. The instant case is clearly distinguishable from *People v. Dennis* (1975), 28 Ill. App. 3d 74, 328 N.E.2d 135, where the defendant had rejected a plea offer of two to six years, and was subsequently sentenced to 40 to 80 years after a jury trial. The reviewing court there concluded that the sentence had been imposed as punishment for the defendant's decision to exercise his right to a jury trial. Here, there is no such great disparity between the State's offer and the sentence actually imposed by the trial court, and we can reach no such conclusion. ■■ Nor do we agree with the State that the sentences should be increased. There was no abuse of discretion in the trial court's imposition of these sentences, which were well within statutory limits and based upon appropriate statutory considerations. Because of our conclusion, we need not reach the arguments of the defendant as to the invalidity of section 5—5—4.1 of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1).

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

HARRISON and KASSERMAN, JJ., concur.