THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RAYMOND THINGVOLD, Defendant-Appellant.

Second District   No. 2—88—0410

Opinion filed November 22, 1989.

REINHARD, J., dissenting.

Robinson & Skelnik, of Elgin (Mary Robinson, of counsel), for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Raymond Thingvold, was charged by information with the offense of solicitation (Ill. Rev. Stat. 1985, ch. 38, par. 8—1). He allegedly solicited George Nalan over a period of time to arrange the murder of defendant's wife, Barbara Thingvold. He was found guilty and sentenced to a prison term of 25 years.

Defendant initially attacks the sufficiency of the information under which he was charged, contending that it failed to properly allege that the offense occurred within the applicable statute-of-limitations period or to adequately plead an exception to the statute. We disagree.

A prosecution for the offense of solicitation must commence within three years of the commission of the crime. (Ill. Rev. Stat. 1987, ch. 38, par. 3—5(b).) When the offense is based on a series of acts performed at different times, the limitation period starts when the last such act is committed. Ill. Rev. Stat. 1987, ch. 38, par. 3—8.

The information in this case was filed on June 25, 1987. However, it charged that defendant committed the offense of solicitation "between the dates of December 1, 1983 and *** the 30th day of April, 1986," and that the offense was "being based upon a series of acts performed at different times." The information also specifically referred to section 3—8 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 3—8). The period of December 1, 1983, through June 24, 1984, is clearly outside the three-year statutory boundary. The

State argues that it has remedied the problem by alleging that defendant's offense is a series of acts committed in a period of time which ended within the limitation period. Therefore, the entire series of defendant's actions would be within the statute of limitations.

Nowhere, however, does the information allege that any of defendant's actions were performed within the limitation period. No facts are alleged that even the last of the series of acts occurred after June 24, 1984. Defendant cites as controlling in this situation *People v. Toolen* (1983), 116 Ill. App. 3d 632. In *Toolen,* the indictment alleged that criminal conduct occurred between " 'January 1, 1979 and October, 1980.' " (*Toolen,* 116 Ill. App. 3d at 653.) However, the first month of that period lay outside the limitation period. The indictment alleged no facts to establish that the last of a series of acts occurred any time after the first month. The court there ruled that the failure to allege such facts rendered the indictment insufficient to charge an offense. *Toolen,* 116 Ill. App. 3d at 653.

█▌ █ We are not persuaded by the reasoning in *Toolen.* Our supreme court has held that if a charging document does not allege that the crime was committed within the period fixed by the statute of limitations, facts must be alleged and proved which would toll the running of the statute under the various provisions, including section 3—8. (*People v. Strait* (1978), 72 Ill. 2d 503, 505-06.) The grounds on which the State seeks to toll the statute should be stated in the information with sufficient specificity to enable defendant to defend against them. (*Strait,* 72 Ill. 2d at 506.) We conclude that the information in the case before us was sufficiently explicit to enable defendant to prepare his defense and to apprise him that the last act occurred within the time prescribed by the statute of limitations. The information alleges the applicability of section 3—8, which places defendant on notice that he is being charged with a series of actions in the period shown. The fact that no one particular act was alleged to have occurred within the limitation period is not fatal. In addition, the court instructed the jury that, to sustain the charge of solicitation, the State must prove, among other things, "[t]hat the defendant *** encouraged or requested George Nalan on at least one occasion within three years prior to April 23, 1987." Thus, defendant could not be convicted if the State could not prove that at least one of the alleged actions took place within the limitation period. We conclude that the information adequately charged defendant and allowed him to prepare his defense. Therefore, the judgment will not be reversed on this basis.

Defendant next contends that the trial court abused its discretion in allowing testimony of three men who claimed that defendant also

solicited them to kill his two wives.

Roger Atkinson testified that, between 1974 and 1976, defendant on more than one occasion brought up the possibility of having his wife at that time, Diane, killed. Atkinson, defendant, and possibly other co-workers discussed methods of killing Diane so that defendant could collect a large insurance settlement. In addition, Atkinson testified that defendant asked him if he knew anyone that would do the job, to which he replied in the negative. Defendant and Diane were divorced in 1978.

Sid Haffendon, a former co-worker of defendant for several years, testified that, between 1980 and 1986, defendant and he discussed killing defendant's second wife, Barbara, numerous times. Haffendon testified that defendant tried to enlist his aid in transmitting money to a hired killer on several occasions and offered him financial incentives, such as a new car and a partnership in a business venture, to get involved. Defendant had even chosen the method with which to kill her; since Mrs. Thingvold had undergone a stomach operation, a stab wound to the stomach would most likely cause her to hemorrhage to death. According to Haffendon, defendant wanted to collect under the insurance policies on Mrs. Thingvold's life.

James Wagaman met defendant through Sid Haffendon, but was never more than a casual acquaintance of defendant. Wagaman testified that defendant approached him in 1983 in a grocery store and asked him to kill Barbara Thingvold. Again, defendant recommended stabbing Mrs. Thingvold in the stomach. According to Wagaman, defendant offered him $5,000 to do the deed. Wagaman also testified that defendant wanted the insurance money and was not happy with his wife.

■ In general, evidence of offenses other than those with which the defendant is charged is inadmissible. (*People v. Romero* (1977), 66 Ill. 2d 325, 330.) However, evidence of other offenses may be admissible to show motive, intent, identity, absence of mistake or *modus operandi*. (*Romero*, 66 Ill. 2d at 330.) Such evidence must be so clearly connected with the main issue that it tends to prove the accused guilty of the crime for which he is being tried. (*People v. Wolfbrandt* (1984), 127 Ill. App. 3d 836, 846, *overruled on other grounds sub nom. Daley v. Hett* (1986), 113 Ill. 2d 75.) The trial court must weigh the probative value of the evidence against the prejudicial effects, if any, of presenting the evidence. (*People v. Senez* (1980), 80 Ill. App. 3d 1021, 1023.) The trial court's ruling as to the admissibility of such evidence will not be reversed absent a clear showing of an abuse of discretion. *People v. King* (1985), 140 Ill. App. 3d 937, 941.

■ The trial court allowed the testimony of Atkinson as proof of motive or intent. Defendant argues that the testimony had no probative value on either issue because it was too remote in time and detail. While remoteness in time may decrease the probative value of evidence (*King*, 140 Ill. App. 3d at 941), it does not necessarily preclude the use of evidence so removed in time. (See *People v. Carter* (1967), 38 Ill. 2d 496.) In *Carter*, the supreme court approved the State's use of testimony concerning a crime allegedly committed by the defendant seven years after the crime for which he was on trial. (*Carter*, 38 Ill. 2d 496.) In this case, the alleged solicitation of Atkinson occurred up to 11 years before the current charge of solicitation of George Nalan to kill Barbara Thingvold. Under *Carter*, we cannot say that the trial court abused its discretion because of the timing of the alleged other crime.

Defendant also argues that the testimony of Atkinson, Haffendon and Wagaman lacked sufficient probative value on the issues of intent and motive because it is remote factually. We disagree.

■ "Motive" is defined as "that which incites or stimulates a person to do an act." (Black's Law Dictionary 914 (5th ed. 1979).) All three of these witnesses and George Nalan testified that defendant mentioned the collection of life insurance proceeds as his reason for wanting his wives murdered. The collection of these proceeds was the common motive or stimulation behind defendant's solicitation of these men. This common motive sufficiently connects the alleged prior solicitations to that of George Nalan and tends to prove defendant guilty of soliciting Nalan. (See *Wolfbrandt*, 127 Ill. App. 3d at 846.) Defendant points out that the testimony of Atkinson, Haffendon, and Wagaman provided no independent evidence of the insurance motive as established by evidence of actual insurance policies. Defendant testified, without contradiction, that Diane was covered by insurance worth only between $5,000 and $10,000 and that Barbara was not covered under any insurance until May 1980 and the amount of insurance was less than $50,000. Defendant argues that this evidence negates any motive of collection of insurance proceeds. However, the State is not required to produce actual policies in force at the times in question. An adequate foundation was laid when these witnesses testified that defendant spoke to them about collecting insurance proceeds. We believe that this evidence goes to the weight of the witnesses' testimony and should be considered by the jury. We find no abuse of discretion by the trial court in admitting this evidence.

Defendant next contends that the court erred in admitting evidence of a violent attack on Barbara Thingvold, which occurred on

April 21, 1986. Mrs. Thingvold had been stabbed numerous times in the neck, chest and abdomen while at the office of the ambulance company she and her husband owned. No one was ever arrested for the attack. The court admitted the evidence as tending to show motive and intent.

■ A court may allow evidence of other crimes; however, the State must first be able to show that a crime actually took place and that the defendant committed it or participated in its commission. (*People v. Sauer* (1988), 177 Ill. App. 3d 870, 880.) While the quantum of proof of the other offenses need not be that of beyond a reasonable doubt (*Sauer*, 177 Ill. App. 3d at 880), such proof must amount to more than a mere suspicion. *People v. Miller* (1977), 55 Ill. App. 3d 421, 426.

■ We find that the State did not sustain its burden in attempting to associate defendant with the April 1986 attack. The State acknowledged that defendant himself did not attack Barbara. The attacker was never apprehended or identified. The only facts even remotely connecting defendant to the attack are the timing and method of attack. Barbara was attacked during the period in which defendant allegedly solicited George Nalan; however, Nalan testified that he had nothing to do with the attack. That Barbara was stabbed in a manner similar to that proposed by defendant may have been admissible to show *modus operandi*, but no foundation had been laid to show this. Nalan never testified that defendant wanted Barbara stabbed to death. Nalan and defendant only discussed tampering with her car. Without more, this scant evidence is not enough to show that defendant participated in the April 1986 attack on Barbara Thingvold. Therefore, evidence of the attack should have been excluded.

Defendant further contends that the court erred in admitting evidence of the murder of Barbara Thingvold, who was stabbed to death in her house in March 1987. Defendant had subpoenaed police reports on the homicide investigation. The State, arguing that the murder was not related to the solicitation charge, moved to quash the subpoena. The court sustained the State's motion in part, giving defendant only those reports which the court found related to the solicitation charge. Defendant then moved *in limine* to exclude evidence of the murder from the trial. The State indicated that it had no intention of presenting evidence of the murder in its case in chief. The court granted the motion. The State, before trial, moved to have the court reconsider the order *in limine*, but the court refused to do so.

As the defense neared the end of its case in chief, the State again moved to have the court reconsider the order *in limine*. Defendant

had testified that George Nalan called him in late March in an attempt to extort money from defendant. Nalan allegedly threatened to tell the police that defendant gave him keys to Barbara Thingvold's car in order to let him tamper with it. The State, arguing in chambers, asserted that this testimony opened the door to evidence of the murder. According to the State, Nalan called several weeks after the murder to tell defendant that he knew of someone to murder Mrs. Thingvold but saw that defendant already found someone to do it. The State argued that the full circumstances of the phone call were necessary to rehabilitate Nalan's credibility, to rebut defendant's story of extortion, and to tell the jury why he waited so long to inform the police of the solicitations. The court ruled that defendant's testimony had opened the door to evidence of the murder and that such evidence was to be admitted for the limited purpose of witness credibility. Defendant's subsequent motion for a mistrial was denied. An instruction limiting the jury's consideration of the evidence to the credibility of witnesses was given.

■ We determine that the court abused its discretion in admitting the evidence of the murder of Barbara Thingvold. Evidence of other crimes is inadmissible solely to enhance witness credibility. (*People v. Romero* (1977), 66 Ill. 2d 325, 329-32.) Thus, the one reason for which the evidence was admitted was by itself insufficient. The State made no attempt to tie defendant to the murder. Therefore, no "other crime" exception could be involved, as defendant was not shown to have been involved in the commission of the murder. See *Sauer*, 177 Ill. App. 3d at 880.

The probative value of evidence of Mrs. Thingvold's murder, taken by itself, is far outweighed by the prejudice it entails. In a trial for solicitation to commit murder, the violent death of the alleged intended victim would tend to point an accusing finger at the defendant. Even if the jury were told only that Mrs. Thingvold was dead, without mention of the violent end she met, such information may tend to raise more questions in the jurors' minds than it would answer. The State's argument for admissibility of the evidence is unpersuasive. Testimony regarding Mrs. Thingvold's death and George Nalan's subsequent phone call is open to various interpretations. For example, even if it were true that Nalan called because he had heard of the death, such testimony may enhance the extortion theory of defendant, as Mrs. Thingvold's murder could provide the impetus for Nalan to attempt an act of extortion. The slight benefit that the State may obtain from such testimony is outweighed by the obvious prejudice to defendant. Other methods were available to rehabilitate Nalan's credibility and rebut the charges of extortion. For example, Nalan could have testified

to the fact that he had contacted the police about the solicitation prior to his call to defendant or simply, as the court proposed, that extortion was not the basis for the phone call. Either of these methods, or a number of others, could have achieved the State's purpose without mentioning the murder of Barbara Thingvold. Evidence of Mrs. Thingvold's murder should have been excluded.

■■■ We also determine that defendant was prejudiced by the manner in which this evidence was admitted. The court reversed its pretrial ruling on the admissibility of the evidence during the testimony of defendant's final witness in his case in chief. Defendant's trial strategy and cross-examinations were made in reliance on the court's order excluding evidence of the murder. Prejudice may result when a decision at trial is made in reliance on an evidentiary ruling that is later changed. (*People v. King* (1986), 109 Ill. 2d 514, 534.) We find prejudice here. In addition, the court had previously quashed defendant's subpoena of police records of the murder and allowed defendant only those records relevant to the solicitation charge. To allow evidence of the murder without allowing defendant the opportunity to view the records pertaining to it was clearly prejudicial. Under these circumstances a fair trial was impossible, and a new trial would be required. See *People v. Wilken* (1980), 89 Ill. App. 3d 1124.

■■■ Defendant finally contends that the prosecutor improperly cross-examined defendant and made improper statements in his closing arguments. Defense counsel failed to object to many of the comments and did not include any of them in a post-trial motion. The issue is therefore waived. See *People v. Pallardy* (1981), 93 Ill. App. 3d 725, 729.

For these reasons, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded.

Reversed and remanded.

INGLIS, J., concurs.

JUSTICE REINHARD, dissenting:
I respectfully dissent from the portions of the majority opinion which find error in the admission of certain evidence.

I believe evidence of a violent attack on Barbara Thingvold on April 21, 1986, during the period of the alleged solicitation of George Nalan to arrange her murder, was properly admitted to show defendant's intent.

One of the elements of the offense of solicitation which the State

was required to prove was that defendant requested Nalan to arrange the murder of his wife with intent that the offense of murder be committed. The evidence of the April 21, 1986, attack on defendant's wife showed that she was attacked and stabbed in the stomach and other areas of her body. This attack was committed several weeks after defendant's latest inquiry of Nalan as to whether Nalan had found someone to kill his wife or would do it himself. Other evidence established that defendant had told two persons that if his wife was stabbed in the stomach the complications would kill her because of her prior stomach operation. Thus, to prove that the solicitation of Nalan to arrange the murder of defendant's wife was with the *intent* that murder be committed, evidence of an attempt on her life shortly after the latest solicitation by defendant, coupled with evidence that Barbara Thingvold was stabbed in the stomach as had been mentioned twice by defendant as a method of killing her, was certainly relevant.

The connection between defendant and the stabbing of his wife need not be established beyond a reasonable doubt as defendant was not on trial for that offense. (*People v. Baptist* (1979), 76 Ill. 2d 19, 28, 389 N.E.2d 1200.) I am satisfied that there is enough evidence that defendant participated in that crime by arranging for its commission and, further, that such evidence was relevant to prove that defendant requested Nalan to arrange the murder of defendant's wife with the intent that murder be committed. Under the standard by which we review the trial court's decision, there was not a "clear abuse of discretion" in the admission of this evidence to warrant reversal. *People v. Phillips* (1989), 127 Ill. 2d 499, 522, 538 N.E.2d 500.

With respect to the trial court admitting evidence that Barbara Thingvold was stabbed to death in her home on March 10, 1987, I agree with the State's position that defendant's own testimony "opened the door" so that admission of this evidence in response, limited solely to the credibility of the witnesses, was not an abuse of discretion. The pertinent evidence allowed in this regard was that when Nalan called defendant in late March 1987, he told defendant he knew his wife had been murdered and, while he had someone in Texas "to do it," it was too late as defendant already found someone, and that Nalan did not call defendant to extort money from him. Defendant was allowed to testify that on March 10, 1987, he was summoned home by his stepson and found his wife murdered and that he had not been charged with her murder.

While defendant characterizes this evidence as evidence of other crimes, it is not, as it does not demonstrate that defendant was involved in the murder of his wife, Barbara, nor was the evidence of-

fered for that purpose. Consequently, defendant's argument that other crimes evidence cannot be used for the sole purpose of attacking Nalan's credibility is misplaced.

Rather, the evidence was offered in response to defendant's testimony regarding Nalan's reason for calling him. Thus, the only issue to be decided is whether the probative value of the evidence outweighs its prejudicial impact such that it was properly admitted. (See *People v. Monroe* (1977), 66 Ill. 2d 317, 323, 362 N.E.2d 295; *People v. DeHoyos* (1976), 64 Ill. 2d 128, 132, 355 N.E.2d 19; E. Cleary & M. Graham, Handbook of Illinois Evidence §403.1, at 148-49 (4th ed. 1984).) In exercising its discretion in applying this standard, the court should consider the importance of the evidence to the issues, the availability of alternative means of proof, whether the point for which proof is being offered is being disputed, and, where appropriate, the potential effectiveness of a limiting or cautionary instruction. E. Cleary & M. Graham, Handbook of Illinois Evidence §403.1, at 148 (4th ed. 1984).

It is apparent in this case that the murder of Barbara Thingvold is particularly probative as to the issue of Nalan's reason for calling defendant and, consequently, to his credibility regarding that issue. It is also relevant to defendant's credibility as it contradicts defendant's testimony regarding the nature of Nalan's telephone call. It is also apparent that the potential prejudice to defendant upon admission of such evidence is arguably significant. I believe, however, that in considering the above-mentioned factors, it was proper to admit the evidence of Barbara Thingvold's murder for the limited purpose of rehabilitating Nalan's version of the telephone call.

Obviously, the evidence was extremely important to the issue of why Nalan telephoned defendant, particularly where defendant placed Nalan's credibility in question by testifying that Nalan called to extort money from him. Additionally, there were no alternative means by which the State could have effectively proved Nalan's purported reason for calling other than Nalan's own testimony which had already been called into question. There was no other evidence independent of his testimony which could have served the same purpose as that of the evidence in issue.

Further, the trial court, recognizing the potential prejudice to defendant upon admission of this evidence, gave a limiting instruction to consider such evidence only for the purpose of assessing the credibility of the witnesses. Such a limiting instruction is particularly effective where, as here, the trial court seeks to limit a jury's consideration of evidence to a particular issue. (See *People v. Taylor* (1978), 66 Ill. App. 3d 907, 912, 384 N.E.2d 558; E. Cleary & M. Graham, Handbook

of Illinois Evidence §105.1, at 35 (4th ed. 1984).) Thus, based on these various considerations, the trial court did not abuse its discretion in admitting evidence of Barbara Thingvold's murder for the limited purpose of establishing Nalan's credibility.

As to defendant's argument that the timing of the admission of this evidence was prejudicial, I would also disagree. The trial court only admitted the evidence after defendant had opened the door by contradicting Nalan's version of the telephone call. As such, the limited purpose for which the evidence was introduced was not evident prior to defendant's testimony. This situation, where defendant opened the door, is not the same as where the trial judge changes an initial ruling relied upon at trial and thus does not deny defendant a fair trial. (See *People v. King* (1986), 109 Ill. 2d 514, 534-35, 488 N.E.2d 949.) The prohibition imposed by a motion *in limine* may be lifted if the defendant's evidence " 'opens the door.' " (*People v. Nearn* (1988), 178 Ill. App. 3d 480, 493, 533 N.E.2d 509.) Consequently, there was no prejudice to defendant when, at the conclusion of defendant's testimony, the trial court changed its prior ruling on defendant's motion *in limine*.