THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RONALD SENEZ, Defendant-Appellant.

Second District    No. 79-56

Opinion filed January 30, 1980.—Rehearing denied March 12, 1980.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant was convicted in a jury trial of three counts of bribery and was sentenced to concurrent sentences of one to three years' imprisonment. On appeal he contends: (1) that the payments to police were not bribes in that they were made to stop alleged harassment by police; (2) that he was prejudiced by testimony about automobile "chop shops" and insurance fraud; and (3) that the trial court abused its discretion in sentencing him.

In early 1976, defendant became an employee at an auto salvage yard and was paid a percentage of the sales. Since approximately March of 1975, officers of the Du Page County sheriff's department had gone to the yard, usually every day, as part of an investigation for stolen cars. Prior to defendant's employment, several stolen cars and parts of stolen cars were recovered from that yard while it was operating under different ownership. Defendant testified that the police never showed him a search warrant, but that they drove and walked around the yard looking and that they stopped customers and tow truck drivers and spoke to them, checking the tow truck drivers for licenses, titles and vehicle numbers. Defendant also testified that after the police actions began, deliveries of cars fell from 115 per week to 35 per week and that sales decreased from $3800 per week to $900 per week.

There is no dispute that on three different occasions defendant paid money to police. Defendant contends that police approached him demanding money, in exchange for which they would leave the yard alone. On the other hand, the police testified that defendant offered them money to leave the yard alone. This, of course, is a question of fact which is properly left for the jury to resolve, and unless that decision is against

the manifest weight of the evidence, we will not disturb that determination. Since there existed an evidentiary basis on which the jury could reach their decision, we hold that the verdict is not against the manifest weight of the evidence.

■■ Defendant further argues that the payments were not bribes, since a bribe must be an attempt to influence an official duty (*People v. Siciliano* (1954), 4 Ill. 2d 581, 123 N.E.2d 725), and he contends that no official duty was being performed by police. He concedes that police have a duty to investigate criminal activity but urges that there was no showing of criminal activity in the yard while defendant was an employee. However, there was testimony that the preceding year, police had recovered several stolen cars from the yard and we conclude that there was, in fact, a basis for stating that there was criminal activity for the police to investigate; therefore, there was also an official duty to be influenced by the defendant's payments to the police.

Defendant contends next that he was prejudiced by testimony regarding "chop shops" and insurance fraud. Specifically, this testimony consisted of statements by police witnesses regarding a conversation which defendant allegedly had with police and which dealt with four areas which are claimed by defendant to be prejudicial: namely, (1) a statement by the defendant that he was presently involved in insurance deals at the salvage yard; (2) a statement by defendant that he would consider providing police with information regarding other chop shops in the area in addition to money payments to the police, in exchange for having the police leave defendant's salvage yard alone; (3) statements by defendant relating to his knowledge of the existence and operation of other chop shops in the area; (4) statements by the defendant regarding his previous activities in that he allegedly worked for a salvage yard in Cook County and was involved in an operation in which he would steal cars and take them to a chop shop.

●■ It is true that the trial court has the discretion to weigh the probative value of evidence of other crimes against the prejudicial effects of having that testimony presented. (*People v. Dumas* (1977), 49 Ill. App. 3d 756, 364 N.E.2d 616.) Further, evidence of defendant's conduct leading up to the actual bribe is admissible because bribery is generally not an isolated act. (*People v. Rockola* (1931), 346 Ill. 27, 178 N.E. 384.) Our examination of the record leads us to draw the following conclusions regarding each of the alleged prejudicial statements: (1) the testimony regarding the insurance deals was not objectionable because it dealt with defendant's present activities in the salvage yard which were the basis of his alleged bribes to police; (2) testimony regarding defendant possibly providing information about chop shops in the area was also not objectionable because it was linked to the payment of money in such a way as to

manifest an intent on defendant's part to bribe the police; (3) testimony regarding defendant's knowledge of other chop shops in the area appears to have little probative value but arguably does provide knowledge on defendant's part of the type of operation which he wanted to protect by the alleged bribe; and (4) the testimony regarding defendant's previous alleged activities of car theft and chop shop delivery in Cook County was clearly objectionable and prejudicial, in that it was not probative of any facts regarding motive, intent, identity, absence of mistake, or *modus operandi* regarding either the bribe itself which is presently charged or the underlying facts which allegedly were to be concealed by means of the bribe. Furthermore, it related to conduct long before the crime charged in this case. It is, accordingly, our belief that defendant must be given a new trial free of such prejudicial error.

While we need not reach the issue of defendant's sentence, we choose to do so for the future guidance of both the courts and litigants. Defendant has contended that the trial court enhanced his sentence because it decided that defendant had not been truthful and that this constitutes an abuse of discretion. Certainly it is improper for a sentencing judge to enhance a sentence because of his supposition that defendant committed perjury. (*People v. Greenlee* (1976), 44 Ill. App. 3d 536, 358 N.E.2d 649.) However, such was not the situation here. Defendant complains about the judge's statement that he felt defendant was "evasive" in answering questions and was less than candid with his employer and the probation department. The trial court also stated:

> "I did note in Mr. Senez' statement to the Court that he still maintains his innocence.
>
> I don't decry that. However, I am cognizant of the fact, and I know you gentlemen are cognizant of the fact, that this was also brought up at the time of trial and that the jury did not subscribe to that defense.
>
> Therefore, it will be the finding of the Court that because of the nature of the crime involved I am a little afraid that to place the defendant upon probation would deprecate the seriousness of the offense."

Clearly the court did not sentence defendant based on his continued assertion of innocence, and we find no abuse in the sentencing.

Reversed and remanded.

NASH and LINDBERG, JJ., concur.